IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 28, 2014

## STATE OF TENNESSEE v. ARTHUR CRUTCHER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 10-00733      Lee V. Coffee, Judge**

**No. W2012-02534-CCA-R3-CD  - Filed May 14, 2014**

A Shelby County Criminal Court Jury convicted the appellant, Arthur Crutcher, of aggravated robbery.  The trial court sentenced the appellant to ten years in the Tennessee Department of Correction.  On appeal, the appellant asserts that the trial court erred by ruling that the State could use a prior conviction to impeach the appellant without giving proper notice.  The State contends that the appellant's notice of appeal was untimely and that the appeal should be dismissed.  We agree with the State and conclude that the interests of justice do not require waiver of the timely filing of the notice of appeal.  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

Dewun R. Settle (on appeal) and Larry Fitzgerald (at trial), Memphis, Tennessee, for the appellant, Arthur Crutcher.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Ann Schiller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that following a hearing on the appellant's motion for new trial, the trial court entered an order denying the motion on July 29, 2011.  During the hearing, the trial court found that the appellant was indigent and offered to appoint an attorney to represent the appellant on appeal.  The appellant and his mother, Sherry Black, declined, asserting that Black would retain counsel.  At that point, the following colloquy occurred:

THE COURT: Do you understand how much this is going to cost?

MS. BLACK: Yes, sir. I do.

THE COURT: Do you understand that you have thirty days to get that done?

MS. BLACK: Yes, sir.

THE COURT: And you're going to get all that done within thirty days?

MS. BLACK: Yes, sir. I will.

THE COURT: Now, you're telling me that you do not want me to appoint a lawyer for your son?

MS. BLACK: No, sir. I'm going to get one.

. . . .

THE COURT: Ms. Black, I'm going to yield to your wishes –

MS. BLACK: Thank you.

THE COURT: – And I will not appoint a lawyer for [the appellant]. You have thirty days to have that done; to have a lawyer file a Notice of Appeal, and to have an order entered to have the record transcribed, and if that's not done, Ms. Black, [the appellant's] going to waive his rights to have this case looked at by the Court of Criminal Appeals, and this will be a final judgment. Do you understand that?

MS. BLACK: Yes, sir. Yes, sir. I do.

THE COURT: And you're telling me that you want to get that done yourself?

MS. BLACK: I do.

THE COURT: Ms. Black, make sure you get a lawyer hired; make sure the lawyer understands what's going on, because he or she will have thirty days to file a Notice of Appeal, and has thirty days to file a request to have the trial[,] everything else typed up, so that it can be appealed. Do you understand that?

MS. BLACK: Yes, sir. I do.

On February 10, 2012, the trial court entered an order, finding that the appellant was indigent, unable to employ counsel, and had "a conflict of interest with the Public Defender." Accordingly, the trial court appointed private counsel to represent the appellant. Months later, on October 10, 2012, appellate counsel filed a motion asking the trial court to accept a late-filed notice of appeal.[1] In the motion, appellate counsel stated that after the motion for new trial was denied, the appellant did not have an attorney. Appellate counsel stated that the appellant attended high school until the eleventh grade, that he was a special education student, and that his intelligence was "in the mildly mentally retarded range." Appellate counsel maintained that due to the appellant's "diminished capacity," he had "trouble making decisions in terms of speed and of quality" and that "he did not understand his rights regarding a criminal appeal." Appellate counsel argued that "equity and fairness require[d] that [he] be permitted to file a late notice of appeal." On November 7, 2012, the trial court granted the motion, finding "[t]hat through no fault of his own the [appellant] was not able to file a notice of appeal." On appeal, the State maintains that the appeal should be dismissed because the trial court did not have jurisdiction to waive the timely filing of the notice of appeal.

Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from [.]" Nevertheless, Rule 4 provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The rule specifically mandates that "[t]he appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice." Therefore, only this court, not the trial court, had the jurisdiction to waive the timely filing of a notice of appeal.

---

[1]The record does not contain an explanation for appointed appellate counsel's failure to file a notice of appeal until eight months after her appointment.

To that end, we note that "'[i]n determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. at Nashville, Dec.27, 2005)). This court has cautioned that "[w]aiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." Id.

The record reflects that the trial court made every effort to ensure that the appellant and his mother understood the importance of filing a notice of appeal within thirty days. The trial court asked the appellant and his mother if they understood the cost involved in hiring an attorney and cautioned them regarding the consequences of not filing timely. The trial court emphasized that the appellant risked waiving his right to appeal. Despite the trial court's thorough admonishments, the appellant chose not to accept the trial court's offer to appoint counsel. No action was taken until February 10, 2012, when appellate counsel was appointed. Afterward, counsel made no effort to seek waiver of the timely filing for eight months. Given the facts of the instant case, we conclude that the interest of justice does not require that we waive the timely filing of the notice of appeal. Accordingly, the appeal is dismissed.

_____
NORMA McGEE OGLE, JUDGE

-4-