IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015


**STATE OF TENNESSEE v. KERMIT PENLEY**

**Appeal from the Criminal Court for Greene County**
**No. 01CR043     John F. Dugger, Jr., Judge**

_____

**No. E2015-00426-CCA-R3-CD – Filed December 3, 2015**

_____


The petitioner, Kermit Penley, appeals the denial of his Rule 36.1 Motion to Correct an Illegal Sentence. He argues that he received a sentence of "life with the possibility of parole" with his parole eligibility occurring after service of eighty-five percent of his sentence, and he contends that this sentence is not authorized by statute. Following our review, we conclude that the petitioner was sentenced to life imprisonment and that his sentence is not illegal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and TIMOTHY L. EASTER, JJ., joined.

Kermit Penley, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Dan Armstrong, District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

## FACTS AND PROCEDURAL HISTORY

On September 6, 2002, the petitioner pled guilty to first degree (premeditated) murder in exchange for a life sentence. The petitioner's negotiated plea agreement states that the sentence is "[l]ife with the possibility of parole." The waiver of rights form states that the petitioner will receive a sentence of "[l]ife in the penitentiary with the possibility of parole." At the petitioner's guilty plea hearing, the trial court questioned, "Do I correctly state it when I say that you're to be sentenced to serve life in the penitentiary with the possibility of parole which, as I said before, means fifty-one years before you can be considered?" The petitioner's judgment form reflects that he was sentenced to "Life."

After his guilty plea, the petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. The post-conviction court denied relief, and this court affirmed the judgment of the post-conviction court, concluding that the petitioner received the effective assistance of counsel and that his guilty plea was freely, knowingly, and voluntarily made. *Kermit Penley v. State*, No. E2004-00129-CCA-R3-PC, 2004 WL 2439287, at *4 (Tenn. Crim. App. Nov. 1, 2004). The petitioner subsequently filed a petition for writ of habeas corpus, arguing that his sentence was illegal because he was sentenced under the 1982 Sentencing Act instead of the 1989 Sentencing Act. The trial court denied the petition, and this court affirmed the denial on appeal. *Kermit Penley v. State*, No. W2013-00595-CCA-R3-HC, 2013 WL 4011607, at *1-2 (Tenn. Crim. App. Aug. 6, 2013).

On May 19, 2014, the petitioner filed a motion to correct an illegal sentence. He argued that his sentence was illegal because his plea agreement included the bargained-for element of life with the possibility of parole, with parole eligibility occurring after service of eighty-five percent of his sentence, an element which was not authorized by statute. He contended that because the statute provides that there shall be no release eligibility for the offense of first degree murder, his sentence was illegal. The trial court summarily denied the motion, finding that the judgment reflected that the petitioner was properly sentenced to life imprisonment.

The trial court issued its order on September 24, 2014. The record contains a signed certificate from the trial court clerk indicating that a copy of the order denying the petitioner's motion was served on the petitioner, either via U.S. Mail or hand delivery, on September 30, 2014. The petitioner did not file his notice of appeal until March 9, 2015. In his notice of appeal, the petitioner stated that he never received service of the trial court's order denying his motion and only became aware that his motion was denied after contacting his mother. The petitioner attested that he attached copies of the prison legal

mail record books verifying his claim. The notice also contains a footnote stating that the Tennessee Department of Correction ("TDOC") had verified by affidavit that the petitioner had not received any legal mail from the Greene County Criminal Court any time after September 30, 2014. The mail records and the affidavit are absent from the record. However, the record does contain a signed letter from the TDOC staff attorney addressed to the petitioner's mother. The letter states that the legal mail log books were reviewed from the dates of September 30, 2014 through December 6, 2014, and showed that the petitioner did not receive any mail from the Greene County Court or the court clerk on those dates. TDOC also verified that no legal mail from the Greene County Court was logged in at the petitioner's new housing location.

## ANALYSIS

The petitioner argues that his sentence is illegal because his plea agreement contains a bargained-for element of parole eligibility after service of eighty-five percent of the sentence that is in direct contravention of the statute. He contends that he stated a colorable claim for relief and is entitled to the appointment of counsel and an evidentiary hearing for his claims.

As an initial matter, we must determine whether the petitioner's appeal is timely. Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Here, the trial court issued its order on September 24, 2014, and the petitioner's notice of appeal was file stamped March 9, 2015. Therefore, his notice of appeal was untimely. However, in a criminal case, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996), *perm. app. denied* (Tenn. May 28, 1996). "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

The record reflects that the petitioner did not receive a copy of the trial court's order denying his motion. A letter from the TDOC staff attorney indicates that the legal mail log books of the penal institutions where the petitioner was housed showed that he did not receive any legal mail from the Greene County Court or the court clerk on September 30, 2014, or any subsequent date. This letter was addressed to the petitioner's mother and was dated March 2, 2015, and the petitioner filed his notice of appeal on March 9, 2015, after learning from his mother that the trial court denied his motion. It

3

appearing that the petitioner's notice of appeal was untimely through no fault of his own, we conclude that the interest of justice warrants a waiver of the timely notice of appeal requirement. We will address the petitioner's claims on the merits.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). Rule 36.1 does not define "colorable claim," and this court has adopted the definition of "colorable claim" from Tennessee Supreme Court Rule 28 § 2(H), which defines the term in the context of post-conviction relief. *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief . . . ." Tennessee Supreme Court Rule 28 § 2(H).

In the petitioner's motion and brief, he refers to his release eligibility date as the "bargained for component of his plea agreement" that makes his sentence illegal. Tennessee Code Annotated section 40-35-501(i)(1), (i)(2)(A) (2010) provides that there is no release eligibility for a person convicted of first degree murder. The person must serve 100% of his or her sentence less any retained and earned sentence credits, which may not exceed fifteen percent. *Id.* While the phrase "life with the possibility of parole" appears in the petitioner's negotiated plea agreement, waiver of rights form, and the transcript of his guilty plea hearing, the petitioner's judgment reflects that he was convicted of first degree (premeditated) murder and sentenced to "Life." This sentence is authorized by statute and is not in any way illegal. Moreover:

> [a]lthough this court has observed that the phrase "life with parole" is inaccurate because a defendant sentenced to life is entitled "to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years, *see [Kermit Penley v. State]*, No. E2003-00129-CCA-R3-PC, [2004 WL 2439287, at *3] (Tenn. Crim. App., Knoxville, Nov. 1, 2004), use of the term would not render the petitioner's judgment void.

*Christopher A. Williams v. State*, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. Sept. 30, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013).

We conclude that the petitioner has failed to state a colorable claim for relief and that the trial court properly dismissed the petitioner's motion. The petitioner is not entitled to any relief.

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE