IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 15, 2015

STATE OF TENNESSEE v. CHARLES SPEED

Appeal from the Criminal Court for Shelby County
No. 130331821      James C. Beasley, Jr., Judge

_____

No. W2015-00473-CCA-R3-CD  -  Filed March 18, 2016

_____

The defendant, Charles Speed, appeals the denial of his Rule 36.1 motion to correct what he alleges is an illegal sentence.  He argues that his sentence is illegal because the State never filed a noticed to seek an enhanced sentence within ten days of the entry of his guilty plea.  Following our review, we affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined.  ROGER A. PAGE, J., not participating.

Monica A. Timmerman, Memphis, Tennessee, for the Appellant, Charles Speed.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the Appellee, State of Tennessee.

OPINION

FACTS AND PROCEDURAL HISTORY

The defendant pled guilty to four counts of aggravated robbery in exchange for an eighteen-year sentence as a Range II offender to be served with 100% release eligibility for each conviction.  He pled guilty to one count of aggravated assault in exchange for a fifteen-year sentence as a Range III offender.  He pled guilty to one count of attempted

aggravated robbery in exchange for a fifteen-year sentence as a Range III offender. The trial court ordered the sentences to be served concurrently for an effective sentence of eighteen years.

The defendant filed a motion to correct an illegal sentence arguing that the State failed to provide him with adequate notice of its intent to seek an enhanced punishment. The trial court appointed counsel, who filed an amended motion.

The trial court held a hearing on the motion, and the only evidence presented was the arguments of defense counsel and the prosecutor. Defense counsel argued that the State failed to provide notice of its intent to seek an enhanced sentence, which rendered the defendant's Range II sentences voidable. Counsel argued that the appropriate remedy was for the trial court to vacate the defendant's guilty pleas and sentence him as a Range I offender. The State responded that because the defendant pled guilty in exchange for a negotiated plea agreement, a notice seeking an enhanced sentence was not required.

The trial court orally denied the motion. The court found that any issue with regard to notice was waived when the defendant entered his guilty pleas. The court found that the notice requirement statute cited by the defense referred to open-ended pleas and trials. The court found that the defendant's guilty pleas were proof that he knowingly and voluntarily waived his right to the notice. The court noted that any claims regarding the voluntariness of the defendant's guilty pleas had to be addressed under post-conviction procedures. The court found that the defendant's arguments that his sentences were void or voidable under Rule 36.1 were "misplaced."

After orally denying the motion on January 29, 2015, the trial court entered a written order denying the motion on January 30, 2015. The defendant's notice of appeal was filed on March 3, 2015.

## ANALYSIS

The defendant argues that his sentences are illegal because the State did not file a notice to seek an enhanced punishment. He acknowledges that his sentences are merely voidable and not void, but he argues that his pleas should be set aside as a matter of policy because there is no indication that he voluntarily waived his right to notice of an enhanced punishment. The State responds that that the appeal should be dismissed for failure to file a timely notice of appeal and that the trial court properly denied the motion.

Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Here, the defendant filed a notice of appeal on

2

March 3, 2015, more than 30 days after the trial court entered its order denying the motion to correct an illegal sentence. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *2 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant may "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). Our supreme court recently stated that the definition of an "illegal sentence" in Rule 36.1 was "coextensive with . . . the definition of the term in the habeas corpus context." *State v. James D. Wooden*, − S.W.3d − 2015 WL 7748034, at *7 (Tenn. Dec. 2, 2015). The court stated that illegal sentences "are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* Here, the defendant's sentences do not meet any of the criteria within this definition. He was sentenced to eighteen years as a Range II offender for a Class B felony, which is a sentence authorized by statute. *See State v. Michael Christopher Bigbee*, No. M2014-01999-CCA-R3-CD, 2015 WL 5968524, at *2 (Tenn. Crim. App. Oct. 14, 2015) (rejecting a defendant's claim that the State's failure to file a notice seeking enhanced punishment rendered his Range II sentence illegal "because: (1) a Range II sentence is authorized by statute, and (2) a Range II sentence does not directly contravene any statute."), *no perm. app. filed*. Additionally, the defendant's claim that the lack of adequate notice prevented him from making an informed decision to plead guilty goes to the knowing and voluntary nature of the plea and would render the judgment merely voidable. *John J. Kratochvil v. James M. Holloway, Warden*, No. M2014-00600-CCA-R3-HC, 2014 WL 5428836, at *2 (Tenn. Crim. App. Oct. 27, 2014) (concluding that in the context of a habeas corpus petition, "the State's failure to provide a notice of enhanced punishment would likewise render the judgment voidable, not void, and would not afford the petitioner habeas corpus relief."), *perm. app. denied* (Tenn. Feb. 13, 2015). The defendant has not stated a colorable claim for relief, and we conclude that the interest of justice does not require a waiver of the requirement of filing a timely notice of appeal.

## CONCLUSION

Based upon the foregoing, we conclude that the defendant's appeal was untimely and dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE