IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2020

## QUINTON A. CAGE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 19C1642   Amanda Jane McClendon, Judge**

_____

### No. M2019-01888-CCA-R3-HC

_____

Petitioner, Quinton A. Cage, appeals the denial of his petition for habeas corpus relief in which he argues that he was deprived of a fair trial. Because we determine that Petitioner has failed to file a timely notice of appeal or provide a reason as to why the timely filing of the notice of appeal should be waived, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY. JR., JJ., joined.

Quinton A. Cage, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Clark B. Thornton, Senior Assistant Attorney General; for the appellee, State of Tennessee.

## OPINION

### Factual Background

Over 25 years ago, Petitioner was convicted of aggravated rape, especially aggravated kidnapping, aggravated robbery, and reckless endangerment with a deadly weapon by a Montgomery County jury. Petitioner was sentenced to 55 years in prison. On direct appeal, this Court affirmed the judgments of the trial court. *State v. Quinton Cage*, No. 01C01-9605-CC-00179, 1999 WL 30595, at *1 (Tenn. Crim. App. Jan. 26, 1999), *perm. app. denied* (Tenn. July 12, 1999). Petitioner filed a petition for post-conviction relief in 2000 alleging ineffective assistance of counsel. *State v. Quinton A. Cage*, No. M2000-01989-CCA-R3-PC, 2001 WL 881357, at *1 (Tenn. Crim. App. Aug.

7, 2001), *perm. app. denied* (Tenn. Dec. 10, 2001). The post-conviction court denied relief and this Court affirmed the judgment. *Id.* Petitioner has since filed for habeas relief multiple times. *See Quinton Cage v. State*, No. M2018-00568-CCA-R3-HC, 2018 WL 4523209, at *3 (Tenn. Crim. App. Sept. 21, 2018) ("*Cage III*"), *perm. app. denied* (Tenn. Dec. 7, 2018); *Quinton Albert Cage v. David Sexton, Warden*, No. E2011-01609-CCA-R3-HC, 2012 WL 2764998, at *2-4 (Tenn. Crim. App. July 10, 2012) ("*Cage II*"), *perm. app. denied* (Tenn. Oct. 19, 2012); *Quinton Cage v. Howard Carlton, Warden*, No. E2008-00357-CCA-R3-HC, 2008 WL 3245567, at *2 (Tenn. Crim. App. Aug. 8, 2008) ("*Cage I*"), *no perm. app. filed*.

On July 12, 2019, Petitioner filed another habeas petition claiming he was denied a fair trial because he was not allowed to produce certain evidentiary items and other due process claims. On September 10, 2019, the Second Circuit Court for Davidson County, dismissed the petition without a hearing.

Petitioner filed a notice of appeal on October 18, 2019.

*Analysis*

On appeal, Petitioner challenges the habeas court's denial of relief. Specifically, Petitioner challenges the trial court's refusal to grant relief on the basis that Petitioner was denied the ability to present evidence and was subject to governmental misconduct which resulted in an unfair trial. The State argues the appeal should be dismissed because the notice of appeal is untimely. Specifically, the State argues that Petitioner has not met his burden of showing compliance with the so-called "prison mailbox rule." We agree with the State.

Tennessee Rule of Appellate Procedure 4(a), requires a notice of appeal must be filed in the appellate court "within 30 days after the date of entry of the judgment appealed from." In the case of a pro se appellant who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). There is nothing in the record to show the notice of appeal was delivered in compliance with Rule 20(g). However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." A petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. *State v. Carl T. Jones*, No. M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)), *perm. app. denied* (Tenn. Apr. 11, 2012); *Brooke Whitaker v. Minter*, No. W2017-00127-CCA-R3-HC, 2017 WL 4004163, at *1–2 (Tenn. Crim. App. Sept. 8, 2017).

In this case, the habeas corpus court entered its judgment on September10, 2019. Petitioner did not file his notice of appeal until October 18, 2019. The envelope delivering the notice to this Court is date stamped October 17, 2019. Thus, Petitioner's notice of appeal was filed more than 30 days from the entry of the judgment of the habeas corpus court. Petitioner's notice of appeal, although only tardy by eight days, was nonetheless untimely. He has neither requested a waiver nor has he offered any explanation as to why this Court should excuse the untimely filing. Given the Petitioner's multitudinous history of filings in this Court, the Petitioner knows better than most, the importance of timely filings. Petitioner has presented no basis upon which this Court may find that the "interests of justice" merit a waiver of the untimely filed notice of appeal. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) ("If this [C]ourt were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction."). Accordingly, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE