IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs February 23, 2022

**STATE OF TENNESSEE v. STEVEN C. JAMES**

**Appeal from the Criminal Court for Knox County**
**No. 102707   Steven Wayne Sword, Judge**

_____

**No. E2021-00559-CCA-R3-CD**

_____

In March of 2021, Steven C. James, Defendant, filed a "Motion for Relief from Sentence." The trial court denied the motion without a hearing. Defendant appealed. After a review of the record, we determine Defendant filed an untimely notice of appeal document and that the interest of justice does not favor waiving the timeliness requirement in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, JJ., joined.

Steven C. James, Oxford, Wisconsin, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General; Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In November of 2013, Defendant and six other codefendants were named in a multi-count indictment for a variety of offenses, some of which were drug-related and allegedly occurred in a drug-free zone.

In June of 2015, Defendant pled guilty to four of the charges: (1) conspiracy to possess over 150 grams of heroin with intent to sell in a drug-free zone; (2) possession of

heroin with intent to sell in a drug-free zone, (3) tampering with evidence; and (4) unlawful possession of a weapon. The remaining charges against Defendant were dismissed as a result of the guilty plea. Defendant received a total effective sentence of 15 years to be served at 100% for the two drug offenses and the tampering with the evidence offense. Those sentences were ordered to be served concurrently to each other but consecutively to a five-year sentence at 30% for the unlawful possession of a weapon offense. The sentences were also ordered to be served concurrently with Defendant's federal sentences. Defendant's judgments of conviction were entered on June 11, 2015.

On March 29, 2021, Defendant filed a pro se "Motion for Relief from Sentence" in which he claimed that his Eighth and Fourteenth Amendment rights were violated because legislation had proactively changed "mandatory sentences" for drug-free zone offenses, but that the legislation did not retroactively apply to Defendant's enhanced sentence from 2015. Defendant sought relief from the "mandatory service rate."

On April 7, 2021, the trial court denied relief without a hearing. The trial court viewed Defendant's motion as a motion filed pursuant to Tennessee Rule of Criminal Procedure 35 and determined that the motion was untimely. As a result of the untimely nature of the motion, the trial court lost jurisdiction to alter Defendant's sentence. The trial court noted that Defendant could file a petition for writ of habeas corpus.

Defendant filed a notice of appeal on May 24, 2021.

*Analysis*

At the outset, we must address the timeliness of Defendant's notice of appeal. It is no secret that under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). A defendant bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. *State v. Carl T. Jones*, No. M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)), *perm. app. denied* (Tenn. Apr. 11, 2012).

"'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005), *no perm.*

*app. filed*). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996), *perm. app. denied* (Tenn. May 28, 1996)). Here, the trial court entered its order denying relief on April 7, and Defendant filed the notice of appeal on May 24.

Clearly the notice of appeal was untimely. Therefore, we must look to see if the interests of justice demonstrate a reason for us to waive the timely filing of the notice of appeal. A review of the record indicates that Defendant has not requested a waiver nor has he offered any type of explanation as to why we should excuse him from the timeliness requirement.

*Conclusion*

Because the notice of appeal in this case was untimely filed and because Defendant has offered no facts supporting a waiver of this untimely filing in the interests of justice, the appeal is hereby dismissed.

_____
TIMOTHY L. EASTER, JUDGE