**STATE of Tennessee**

v.

**Robert William ROCKWELL.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 26, 2007 Session.

Aug. 13, 2007.

Robert E. Cooper, Jr., Attorney General & Reporter; Jennifer Bledsoe and John Bledsoe, Assistant Attorneys General; Randall E. Nichols, District Attorney General; and Patricia Cristil, Assistant District Attorney General, for the appellant, State of Tennessee.

Donald A. Bosch and Melissa A. Franklin, for the appellee, Robert William Rockwell.

## OPINION

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

The defendant, Robert William Rockwell, was arrested on July 30, 2005, on charges of sexual battery, solicitation of a minor, contributing to the delinquency of a minor and indecent exposure. At arraignment, the sessions court set a preliminary hearing for October 11, 2005. On October 10, 2005, the defendant filed two motions regarding the admission of polygraph results at the preliminary hearing and the competency of the child witness to testify at the preliminary hearing. On October 11, the state indicated its readiness to proceed with the scheduled preliminary hearing but announced that it was not prepared to proceed on the motions that had been filed the previous day. Because the pending motions required resolution before the preliminary hearing, the sessions court reset the preliminary hearing for January 6, 2006, and set the polygraph motion for November 3, 2005. At the November 3 hearing, the state announced that the polygraph motion was moot because the grand jury had returned a presentment against the defendant on October 25, 2005.

On December 6, 2005, the defendant filed a motion asking the criminal court to remand the case to general sessions court for the completion of a preliminary hearing. In his motion, the defendant alleged bad faith on the part of the state in obtaining the presentment. Specifically, the defendant argued that the state obtained the presentment to avoid a hearing on the admissibility of the polygraph evidence and in retaliation for the continuance of the preliminary hearing. In support of this argument, the defendant alleged that a codefendant who did not join in the polygraph motion remained in sessions court and that the assistant district attorney general had indicated "off the record" that the reason the codefendant's case was not presented to the grand jury was that she had not joined in the motion with defendant. The state filed no responsive pleading to the motion to remand.

At the February 3, 2006, motion hearing, the criminal court took the matter under advisement after hearing argument but without taking any evidence. At that time, the criminal court requested supplemental briefs or pleadings from both parties. On February 8, 2006, the defendant filed a supplemental motion and memorandum of law; the state declined to file any supplemental pleading. More than two months later, on April 18, 2006, the criminal court granted the defendant's motion in a written order dismissing the presentment and remanding the case to sessions court for the completion of a preliminary hearing. On April 20, 2006, the state filed its first pleading in this case, asking the criminal court to reconsider its ruling. On

July 12, 2006, the criminal court heard argument and denied the state's motion to reconsider. The state filed a notice of appeal on August 8, 2006.

The defendant asks this court to dismiss the appeal due to the state's failure to file a timely notice of appeal. Pursuant to Tennessee Rules of Appellate Procedure 4(a), a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" There are certain motions that toll the time for filing the notice of appeal. Tenn. R.App. P. 4(c). However, a motion to reconsider is not among the specified motions that toll the thirty-day requirement. *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim.App.1992) (*citing State v. Bilbrey*, 816 S.W.2d 71, 74 (Tenn.Crim.App.1991)). Furthermore, this court has noted that our rules of criminal procedure do not provide for a motion to rehear or reconsider. *State v. Ryan*, 756 S.W.2d 284, 285 n. 2 (Tenn.Crim.App.1988). Thus, the notice of appeal in this case should have been filed within thirty days of the entry of the April 18, 2006 order.

The untimely filing of a notice of appeal is not always fatal to an appeal. As stated in Rule 4(a), "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R.App. P. 4(a). The state now asks that this court waive the timely filing of the notice of appeal. "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn.Crim.App. Dec.27, 2005). Waiver is not automatic

and should only occur when "the interest of justice" mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn.Crim.App. Feb.13, 1996).

Initially, we note that the state did not file a motion in this court seeking a waiver of the timely filing of the notice of appeal. Similarly, the defendant did not file a motion to dismiss. We take this opportunity to encourage litigants that the more proper and efficient practice for a party seeking a waiver of the timeliness of the notice of appeal is to file a motion with this court requesting the waiver pursuant Tennessee Rule of Appellate Procedure 4(a). Conversely, a party challenging an appeal should file a motion to dismiss the appeal based upon the untimely notice of appeal.

The state urges this court to waive the timely filing of the notice of appeal. However, absent from the state's argument to this court is any explanation as to why the notice was filed more than eighty days late. Rather, the state acknowledges on appeal that a motion for rehearing is not one of the motions that tolls the time for filing a notice of appeal. Tenn. R.App. P. 4(c). Thus, the reason for the delay in seeking relief, to wit, a presumed misunderstanding of the law, weighs against a waiver. *See, e.g., Hill*, at *1; *but see State v. Joe Michael Shelton*, No. M2005-01132-CCA-R3-CD, 2006 WL 1097453, slip op. at *4 (Tenn.Crim.App. Mar. 30, 2006). As stated previously, this court has consistently held that a motion to rehear or reconsider does not toll the time for filing a notice of appeal. Furthermore, the no-

tice of appeal in this case was filed more than one hundred and twenty days after the entry of the final order dismissing the case for remand to the general sessions court. We are also mindful that the trial court's order remanding the case to the general sessions court for a preliminary hearing does not end the prosecution. Therefore, the court concludes that waiver is inappropriate in this case. Accordingly, the state's appeal is dismissed as untimely.

## CONCLUSION

Because the interest of justice does not require a waiver of the timely filing of the notice of appeal, the state's appeal is dismissed.