IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2013

**STATE OF TENNESSEE v. DWAYNE B. HARRIS**

**Direct Appeal from the Circuit Court for Madison County**
**No. 12-287, 12-288      Donald H. Allen, Judge**

_____

**No. W2012-02342- CCA-R3-CD  - Filed January 3, 2014**

_____

Defendant, Dwayne B. Harris, appeals from the trial court's order revoking Defendant's sentences of probation following a hearing in which violation of conditions of probation were admitted to by Defendant through his attorney.  While acknowledging on appeal that violations of probation conditions had been admitted, Defendant asserts the trial court still erred by revoking probation and ordering him to serve his sentences in incarceration.  The State argues the appeal should be dismissed because the notice of appeal was filed seven days late.  Defendant admits the notice of appeal was late but requests this court to waive the timely filing of the notice of appeal.  Under the circumstances, we decline to do so. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Dwayne B. Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

On June 18, 2012, Defendant pled guilty in the Circuit Court of Madison County to the following offenses: possession of marijuana; violation of the drinking age law; public intoxication; and possession of drug paraphernalia, all misdemeanors, plus possession of marijuana with intent to sell, a Class E felony.  He received an effective sentence of two

years, eleven months, and twenty-nine days to be served on probation. On August 29, 2012, and September 5, 2012, a probation violation warrant and an amended probation violation warrant, respectively, were issued against Defendant.

One of the violations of probation alleged and admitted to by Defendant was that he failed to successfully complete a 28-day residential treatment program because Defendant was discharged after two days for disruptive behavior. Other allegations of probation violations were that Defendant was arrested for vandalism on August 30, 2012 and failed to report the arrest to his probation officer. Through counsel at the probation violation hearing, Defendant asserted that the vandalism charge would be dismissed in the City Court of Jackson if Defendant paid $1,580.00 of restitution within six months. Furthermore counsel acknowledged Defendant failed to notify his probation officer of the arrest for vandalism but asked the trial court "not to hold that against [Defendant] because he was in custody."

The order revoking probation and ordering Defendant to serve by incarceration his entire effective sentence was entered on September 24, 2012. The notice of appeal was not filed until October 31, 2012, thirty-seven days later. Defendant admirably and candidly begins his appellant brief by acknowledging that the notice of appeal was not filed within the thirty-day limit provided in Tennessee Rule of Appellate Procedure 4(a). Defendant also correctly points out that Rule 4(a) provides that in criminal cases the "'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Defendant requests this court waive the timely filing of the notice of appeal "in the interest of justice" but does not elaborate on why, in this case, the interest of justice requires this court to waive the timely filing of the notice of appeal.

In *State v. Rockwell*, 280 S.W.3d 212 (Tenn. Crim. App. 2007) this court quoted from *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005) as follows:

> In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in this particular case.

*Rockwell*, 280 S.W.3d at 214.

The court in *Rockwell* further held,

> Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. If this court were to summarily grant a waiver whenever

-2-

confronted with untimely notices, the thirty-day requirement of Tennessee
Rule of Appellate Procedure 4(a) would be rendered a legal fiction.

*Id*.

In light of the relevant factors and the caution espoused in *Rockwell* under circumstances in this case, we respectfully decline to waive the timely filing of the notice of appeal.

Accordingly, this appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE