IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2017

## JOSE HOLMES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Trousdale County**
**No. 2016-CV-4561  John D. Wootten, Jr., Judge**

_____

### No. M2017-00268-CCA-R3-HC

_____

The Petitioner, Jose Holmes, appeals the habeas corpus court's denial of his petition for habeas corpus relief in which he challenged his conviction for especially aggravated robbery and his sixty-year sentence as a career offender.  Because the Petitioner filed an untimely notice of appeal and the interest of justice does not support waiver of the timely filing requirement in this case, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L EASTER, JJ., joined.

 Jose Holmes, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL AND PROCEDURAL HISTORY

On October 5, 1994, the Petitioner was convicted of attempted felony murder and especially aggravated robbery.  The trial court imposed consecutive sixty-year sentences. On direct appeal, this court reversed the Petitioner's conviction for attempted felony murder and affirmed the Petitioner's conviction for especially aggravated robbery. *State v. Jose Holmes*, No. 02C01-9505-CR-00154, 1997 WL 759429, at *1 (Tenn. Crim. App. Dec. 10, 1997).  The Petitioner subsequently filed a petition for post-conviction relief in

which he maintained that he received the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment on appeal. *See Jose D. Holmes v. State*, No. W2000-02600-CCA-R3-PC, 2002 WL 1558617, at *1 (Tenn. Crim. App. Jan. 30, 2002).

In September 2007, the Petitioner filed a petition for writ of habeas corpus, which the habeas corpus court dismissed. The Petitioner appealed, but this court dismissed the appeal after the Petitioner failed to file an appellate brief. *See Jose D. Holmes v. Howard Carlton, Warden*, No. E2008-01529-CCA-R3-HC (Tenn. Crim. App. Jan. 13, 2009) (Order). In May 2009, the Petitioner filed a second petition for writ of habeas corpus in which he contended that the judgment was void because the State did not file a notice of intent to seek enhanced punishment until sixteen days after he had been convicted at trial. *See Jose Holmes v. Howard Carlton, Warden*, No. E2009-01960-CCA-R3-HC, 2010 WL 3365926, at *1 (Tenn. Crim. App. Aug. 26, 2010). The habeas corpus court dismissed the petition, and this court affirmed the dismissal on appeal. *See id.*

In October 2016, the Petitioner filed a third petition for writ of habeas corpus in which he challenged his conviction for especially aggravated robbery and sixty-year sentence due to the trial court's failure to instruct the jury regarding the possible penalties for the offense. The Petitioner based his claim on Tennessee Code Annotated section 40-35-201(b), which, at the time of the Petitioner's trial, provided that in non-capital cases and "upon the motion of either party, filed with the court prior to the selection of the jury, the court shall charge the possible penalties for the offense charged and all lesser included offenses." T.C.A. § 40-35-201(b) (Supp. 1994).[1] On November 10, 2016, the habeas corpus court entered an order finding that the Petitioner's claim did not render the judgment void and denying the petition, and the order was filed by the trial court clerk on November 16, 2016.

On December 12, 2016, the Petitioner filed a motion to reconsider.[2] On January 12, 2017, the habeas corpus court entered an order denying the Petitioner's motion, and the order was filed by the trial court clerk on January 17, 2017. On January 25, 2017, the Petitioner filed a notice of appeal.

---

[1] The statute currently prohibits a trial court from instructing a jury on the range of punishment in non-capital cases. T.C.A. § 40-35-201(b) (2014).

[2] The Petitioner's motion is specifically titled "Emergency Motion to Alter or Amend a Judgment and Memorandum of Law." However, the Petitioner requests in his motion that the habeas corpus court reconsider its order denying habeas corpus relief.

# ANALYSIS

The State maintains that the Petitioner failed to file a timely notice of appeal and that, as a result, this court should dismiss the appeal. The Petitioner had thirty days after the date of entry of the habeas corpus court's judgment in which to file a notice of appeal. Tenn. R. App. P. 4(a). Although the habeas corpus court entered the order denying the Petitioner's habeas corpus petition on November 10, 2016, the trial court clerk did not stamp file the order until November 16. The Petitioner had thirty days from November 16 in which to file a notice of appeal. *See Alfred William Smith v. State*, No. E2007-02457-CCA-R3-PC, 2009 WL 112569, at \*7 (Tenn. Crim. App. Jan. 15, 2009) (holding that the petitioner's notice of appeal was timely when it was filed within thirty days of the stamp-filed date of the post-conviction court's order denying relief but more than thirty days after the court entered the order).

Rather than file a notice of appeal by December 16, the Petitioner filed a motion to reconsider on December 12. A motion to reconsider is not a specified motion that tolls the time for filing a notice of appeal. *See* Tenn. R. App. P. 4(c); *see Marcus Boales v. State*, No. W2013-02512-CCA-R3-HC, 2014 WL 3954029, at \*2 (Tenn. Crim. App. July 30, 2014) (holding that the petitioner's motion to reconsider did not toll the time for filing a notice of appeal from the habeas corpus court's order denying habeas corpus relief). Accordingly, the Petitioner failed to file a timely notice of appeal.

Tennessee Rule of Appellate Procedure 4(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors present in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at \*1 (Tenn. Crim. App. Dec. 27, 2005)). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at \*1 (Tenn. Crim. App. Feb. 13, 1996)).

The Petitioner has not explained why he filed a notice of appeal on January 25, 2017, instead of December 16, 2016, or how waiver of the thirty-day deadline serves the interest of justice. Moreover, our review of the issues raised by the Petitioner on appeal leads us to conclude that waiver of the Petitioner's untimely notice of appeal is not in the interest of justice. With regard to the Petitioner's claims that he is entitled to habeas

corpus relief because the trial court failed to properly instruct the jury, we have held that "allegations regarding jury instructions render judgments voidable, not void, and, therefore, are not cognizable claims for habeas corpus relief." *Jerry W. Dickerson v. State*, No. E2011-00685-CCA-R3-HC, 2011 WL 6181465, at *4 (Tenn. Crim. App. Dec. 12, 2011) (citation omitted). While the Petitioner seems to suggest on appeal that trial counsel was ineffective in failing to request that the trial court instruct the jury on the possible ranges of punishment, claims of ineffective assistance of counsel, likewise, are not cognizable claims for habeas corpus relief. *See Jose Luiz Dominquez v. State*, No. M2016-00302-CCA-R3-HC, 2017 WL 652218, at *3 (Tenn. Crim. App. Feb. 17, 2017) (citing *Michael Aaron Pounds v. Roland Colson, Warden*, No. M2012-02254-CCA-R3-HC, 2013 WL 6001951, at *4 (Tenn. Crim. App. Nov. 12, 2013)).

We conclude that the Petitioner's untimely filing of his notice of appeal should not be waived in the interest of justice. Accordingly, we dismiss the Petitioner's appeal.

 

_____
JOHN EVERETT WILLIAMS, JUDGE

- 4 -