
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

## BROOKE WHITAKER v. TRINITY MINTER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
No. 6943     Joseph Walker, Judge

_____

### No. W2017-00127-CCA-R3-HC

_____

Petitioner, Brooke Whitaker, appeals the Lauderdale County Circuit Court's dismissal of her petition for writ of habeas corpus. Because we determine that Petitioner has failed to file a timely notice of appeal or provide a reason as to why the timely filing of the notice of appeal should be waived, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Brooke Whitaker, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

Over nine years ago, Petitioner participated in the rape of a fellow inmate in the Bedford County Jail. *See State v. Brooke Lee Whitaker*, No. M2009-02449-CCA-R3-CD, 2011 WL 2176511, at *1 (Tenn. Crim. App. May 31, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011). Following negotiations with the State, Petitioner pleaded guilty to one count of rape, and the trial court sentenced her to serve twelve years in confinement. *Id.* On direct appeal, this Court affirmed the judgment of the trial court. *Id.* at *3. Petitioner filed for post-conviction relief, arguing that she received ineffective assistance of

counsel, that her guilty plea was unknowing and involuntary, and that her trial counsel had a conflict of interest. *See Brooke Lee Whitaker v. State*, No. M2013-00919-CCA-R3-PC, 2014 WL 2553441, at *1 (Tenn. Crim. App. June, 4 2014), *perm. app. denied* (Tenn. Sept. 22, 2014). This Court affirmed the post-conviction court's denial of relief. *Id.* at *12. Petitioner then filed a motion under Tennessee Rule of Criminal Procedure 36.1 for the correction of an illegal sentence, arguing that "her sentence is illegal because the trial court failed to advise her that she would be subject to community supervision for life." *State v. Brooke Lee Whitaker*, No. M2015-01853-CCA-R3-CD, 2016 WL 4547991, at *1 (Tenn. Crim. App. Aug. 31, 2016), *no perm. app. filed*. Petitioner argued that Tennessee Rule of Criminal Procedure 11 and *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), rendered her sentence illegal. *Id.* The trial court dismissed Petitioner's 36.1 motion, and this Court affirmed the dismissal, holding that *Ward* does not require retroactive application and that Petitioner's sentence was legal. 2016 WL 4547991, at *2.

On November 18, 2016, Petitioner filed a petition for a writ of habeas corpus. Once again, Petitioner argued that her sentence was illegal pursuant to Tennessee Rule of Criminal Procedure 11 and *Ward* because the trial court did not inform her that she would be subject to community supervision for life. The habeas corpus court filed an order denying her petition on November 29, 2017.

On January 3, 2017, Petitioner filed an unsigned notice of her appeal.

*Analysis*

"Ordinarily, a habeas corpus court's judgment becomes final thirty days after the entry of the judgment unless a notice of appeal is filed." *State v. Carl T. Jones*, M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)), *perm. app. denied* (Tenn. Apr. 11, 2012). Under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." A petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. *Carl T. Jones*, 2011 WL 5573579, at *1 (citing Tenn. R. App. P. 4(a)).

In this case, the habeas corpus court entered its judgment on November 29, 2016. Petitioner did not file her notice of appeal until January 3, 2017. Thus, Petitioner's notice of appeal was filed more than 30 days from the entry of the judgment of the habeas corpus court. Petitioner's notice of appeal was untimely, and she has not requested a waiver nor has she offered any explanation as to why this Court should excuse the untimely filing. Rather, Petitioner ignored the untimeliness of her notice of appeal and stated in her brief that "[a] timely Notice of Appeal was filed[.]" Thereby, she has

presented no basis upon which this Court may find that the "interests of justice" merit a waiver of the untimely filed notice of appeal. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) ("If this [C]ourt were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction."). Moreover, this exact claim of an illegal sentence was previously litigated in Petitioner's Rule 36.1 motion and subsequent appeal, and the doctrine of collateral estoppel prevents us from revisiting the issue. *See Alicia Shayne Lovera v. State*, No. W2014-00794-CCA-R3-HC, 2014 WL 7432893, at *2-3 (Tenn. Crim. App. Dec. 30, 2014), *perm. app. denied* (Tenn. May 18, 2015). Accordingly, the appeal is dismissed.


_____
TIMOTHY L. EASTER, JUDGE