IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 27, 2022

**JULIUS Q. PERKINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-569      Angelita Blackshear Dalton, Judge**

_____

**No. M2022-00268-CCA-R3-PC**

_____

Pro se petitioner, Julius Q. Perkins, filed a motion seeking relief from his felony murder conviction pursuant to the Post-Conviction DNA Analysis Act of 2001 and the Post-Conviction Fingerprint Analysis Act of 2021. Said motion was summarily dismissed by the trial court. Because the instant notice of appeal was not timely filed, and the petitioner has failed to provide any basis to excuse the untimely filing, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TOM GREENHOLTZ, JJ., joined.

Julius Q. Perkins, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Jan Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 9, 2001, the petitioner and a co-defendant went to the apartment building of the victim to purchase drugs. During the transaction, the unarmed victim was fatally shot and killed. State v. Julius Q. Perkins, No. M2003-01761-CCA-R3-CD, 2005 WL 49339, *2-3 (Tenn. Crim. App. Jan. 6, 2005), perm. app. denied (Tenn. Oct. 31, 2005). The petitioner provided a videotaped statement to police admitting that neither he nor the co-defendant had any money prior to meeting with the victim, that another man had given them some money, and that immediately before the co-defendant drew his gun on the victim, the petitioner heard the victim say, "man, this ain't enough." The petitioner testified on his own behalf at trial and confirmed the videotaped statement. While the petitioner denied prior knowledge of a plan to rob the victim, he agreed that he was armed

and fired one shot from his weapon during the offense. The petitioner was subsequently convicted of felony murder and sentenced to life imprisonment, both of which were affirmed by this court on direct appeal. Id. at * 3-4. The petitioner then engaged in extensive post-conviction litigation seeking to collaterally challenge his conviction and sentence. See Julius Q. Perkins v. State, No. M2011-00522-CCA-R3-PC, 2012 WL 1484193 (Tenn. Crim. App., Apr. 24, 2012), perm. app. denied (Tenn. Aug. 15, 2012) (affirming denial of post-conviction relief alleging ineffective assistance of counsel, trial court error, and prosecutorial misconduct); Julius Q. Perkins v. Steward, No. 3:12-1187, 2013 WL 522719, at *4 (M.D. Tenn. Feb. 11, 2013) (rejecting pro se petitioner's federal petition for writ of habeas corpus upon finding that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law); Julius Q. Perkins v. Parris, No. W2016-02341-CCA-R3-HC, 2018 WL 369778 (Tenn. Crim. App. Jan. 10, 2018), perm. app. denied (Tenn. Mar. 18, 2018) (affirming summary dismissal of pro se petition for writ of habeas corpus relief).[1]

On September 10, 2021, the petitioner filed the instant motion for post-conviction relief pursuant to the Post-Conviction DNA Analysis Act of 2001 and the Post-Conviction Fingerprint Analysis Act of 2021. In his post-conviction petition, the petitioner requested DNA analysis testing on a mask that was entered into evidence at trial and fingerprint analysis testing on the bullets and shell casings found at the scene. The petitioner alleged that the requested DNA analysis testing would have proven his innocence. By written order on January 18, 2022, the post-conviction court summarily dismissed the motion because it did not satisfy the requirements of either statute. The post-conviction court specifically determined that the petitioner "failed to demonstrate that potentially favorable testing would undermine the confidence in the outcome of the prosecution" because "[the petitioner] placed himself at the scene of the crime, was aware that the purpose for being at the scene was to engage in a drug transaction and made an admission to discharging his weapon while at the scene." The petitioner filed an untimely notice of appeal on March 1, 2022.

## ANALYSIS

Tennessee Rule of Appellate Procedure 4(a) states, "the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the

---

[1] The trial court order summarily dismissing the instant motion detailed further litigation which was apparently not appealed by the petitioner including (1) a February 27, 2019 motion to reopen post-conviction relief (denied by order on May 3, 2019); and (2) an April 14, 2020 pro se petition for writ of coram nobis and motion to reconsider denial of same (denied by order respectively on May 18, 2020, and July 8, 2020).

interest of justice." Tenn. R. App. P. 4(a). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing Michelle Pierre Hill v. State, No. 01C01-9506-CC00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)). "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" Id. (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005); see also, State v. Steven C. James, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022) (declining to find the interest of justice mandated waiver where pro se defendant's notice of appeal was seventeen days late without requesting a waiver or providing an explanation for the untimely filing).

The order summarily dismissing the petitioner's motion was filed on January 18, 2022. As such, the notice of appeal should have been filed within thirty days or no later than February 17, 2022. The petitioner filed his notice of appeal on March 1, 2022, twelve days after the deadline. The petitioner did not address the timeliness issue on the merits in his opening brief. We observe however in the section designated, "Statement of the Case," the petitioner states, albeit incorrectly, that the post-conviction court "dismissed the petition on February 28, 2022," and that the notice of appeal was accordingly timely filed. Nevertheless, even after the State filed its responsive brief raising the timeliness issue as grounds for dismissal, the petitioner did not request a waiver, nor has he offered any explanation as to why this court should excuse the untimely filing.

We have also considered the nature of the issues presented and conducted a thorough review of the petitioner's brief, both of which support dismissal. Here, we are mindful that the petitioner was acquitted of the alternative premeditated first-degree murder charge. State v. Julius Q. Perkins, No. M2003-01761-CCA-R3-CD, 2005 WL 49339, at *1. His conviction of felony murder was based upon the theory that the victim was killed during the commission of an attempt to commit a robbery or the theory that the petitioner was criminally responsible for the conduct of another, his co-defendant. Id. at *4. The petitioner seeks DNA and fingerprint testing of certain evidence at the crime scene; however, he does not dispute his videotaped admission or his trial testimony admitting to his presence at the crime scene and discharging his weapon at the time the victim was shot and killed. Moreover, while cast under a different legal framework, the petitioner appears to be raising the same issue previously rejected by this court and fails to assert how such testing would establish his innocence. See Julius Q. Perkins v. State, No. M2011-00522-CCA-R3-PC, 2012 WL 1484193, at *2 (detailing testimony of trial counsel regarding his handling of the ski mask found at the petitioner's home and rejecting ineffectiveness claim

based on same). Under these circumstances, we conclude the interest of justice does not mandate waiver of the petitioner's untimely filing of his notice of appeal. Accordingly, the appeal is dismissed.

## CONCLUSION

Based on the foregoing, the appeal is dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE