IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2024

## DANIELLE WRIGHT v STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County
No. 125969   Steven Wayne Sword, Judge**

_____

### No. E2024-00122-CCA-R3-PC

_____

Petitioner, Danielle Wright, appeals the Knox County Criminal Court's summary dismissal of her petition for post-conviction relief.  Following our review of the entire record, briefs of the parties, and the applicable law, we conclude that Petitioner filed an untimely notice of appeal and the interest of justice does not warrant a waiver of the notice requirement because Petitioner's post-conviction petition was not timely filed, there is no basis for tolling the statute of limitations, and the petition fails to state a colorable claim for relief. Therefore, we dismiss this appeal as untimely.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Danielle Wright, Nashville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Charme Allen, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

Petitioner was convicted of second degree murder for the shooting death of her boyfriend at a motel as he was attempting to escape from her following an earlier confrontation. *State v. Wright*, No. E2019-01290-CCA-R3-CD, 2020 WL 4218841, at *1 (Tenn. Crim. App. July 23, 2020), *perm. app. denied* (Tenn. Dec. 2, 2021).  After the shooting, Petitioner walked away, stopping to pick up an ejected shell casing as she left.

*Id.* Petitioner later turned herself in to police. *Id.* at *2. This court affirmed Petitioner's conviction on appeal. *Id.* at *1-3.

Thereafter, Petitioner filed a pro se petition for post-conviction relief, which she alleged was delivered to prison authorities for mailing on September 26, 2023. She asserted that her petition should not be barred by the one-year statute of limitations because: "Petitioner mailed paperwork timely but apparently it was never received by court. Petitioner was not aware that original packet was not received and by the time she found out, [one] year timely [sic] was exhausted." In the post-conviction petition, under the "Grounds of Petition" section, Petitioner marked that her grounds for relief included claims that her conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure and pursuant to an unlawful arrest. She did not mark the section for "Denial of effective assistance of counsel." However, under "[o]ther grounds" Petitioner stated that "her Sixth (6th) Amendment was violated as attorney did not zealously defend [Petitioner] to protect her rights."

On October 6, 2023, the post-conviction court entered an order summarily dismissing Petitioner's post-conviction petition as time-barred. More specifically, the court concluded:

> Each of the grounds alleged by [Petitioner] have either been waived or were previously determined. Additionally[,] the petition is filed beyond the statute of limitations. Although she alleges that her original petition was mailed in a timely manner but not received by the court[,] there is no reason to appoint counsel to determine if due process should toll the filing deadline because the current petition does not state a cognizable claim.

Petitioner filed an untimely notice of appeal with this court on January 18, 2024. In the notice of appeal, Petitioner certified that she forwarded a copy of the notice to "all parties and/or their attorneys" on November 6, 2023. However, the notice does not identify the date that Petitioner delivered the notice to prison authorities for mailing.

## Analysis

On appeal, Petitioner does not address either the untimeliness of her post-conviction petition or her notice of appeal. Instead, she argues that the search of her home and her arrest were unlawful, and she raises issues of ineffective assistance of counsel not raised in her post-conviction petition. The State contends that Petitioner's appeal should be dismissed because her notice of appeal was untimely and that the interest of justice does not weigh in favor of waiving the requirement of a timely notice of appeal. The State further argues that the post-conviction court correctly dismissed the petition for post-

conviction relief as time-barred because Petitioner failed to state a colorable claim sufficient to toll the statute of limitations.

Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" In the case of a pro se petitioner who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). "Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision." *Id.*; *see* Tenn. Sup. Ct. R., 28, § 2(G), Tenn. R. Crim. P. 49(d).

Here, the post-conviction court entered its order denying the post-conviction petition on October 6, 2023, and Petitioner's notice of appeal was file stamped January 18, 2024, over three months after the trial court's entry of judgment. Petitioner's notice of appeal was clearly untimely as it was due on or before November 6, 2023.[1] "[H]owever, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id.* (quoting *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

In this case, while the certificate of service indicates that Petitioner forwarded a copy of her notice of appeal to "all parties and/or their attorneys" on November 6, 2023, it was not file stamped by the criminal court clerk's office until January 18, 2024. Petitioner does not identify the date that she submitted the notice of appeal to "the appropriate individual at the correctional facility," and her brief does not address the timeliness of the notice of appeal nor does she argue that this court should waive the requirement in the interest of justice.

We conclude that there is nothing in the record to suggest that the interest of justice would be served by granting a waiver of the untimely notice of appeal in Petitioner's case. *See Odom v. State*, No. M2014-00470-CCA-R3-HC, 2014 WL 3206022, at *2 (Tenn. Crim. App. July 8, 2014) (concluding that "there is nothing in the record of this case or in the briefs that were submitted to suggest that justice would be served by waiving the

---

[1] The thirty-day period for filing the notice of appeal expired on November 5, 2023, but because it was a Sunday, Petitioner had until Monday, November 6, 2023, to file her notice of appeal. *See* Tenn. R. App. P. 21(a).

untimeliness of [p]etitioner's notice of appeal"). Petitioner's post-conviction petition was filed nearly two years after the statute of limitations expired. *See* T.C.A. § 40-30-102(a) (stating that a petition for post-conviction relief must be filed within one year from the date on which the judgment became final). As we have stated above, in her appeal, Petitioner does not address the post-conviction court's findings that her post-conviction petition was untimely and that she was not entitled to tolling of the statute of limitations; this failure weighs against a waiver of the requirement of a timely notice of appeal. *See Kimbrough v. State*, No. E2017-01354-CCA-R3-PC, 2018 WL 2277831, at *2 (Tenn. Crim. App. May 18, 2018) (concluding that "[t]he [p]etitioner's complete failure to address the post-conviction court's ruling that the petition is time-barred also weighs against a waiver").

The record does not demonstrate that any of the exceptions found in Tennessee Code Annotated section 40-30-102(b)(1)-(3) apply to toll the statute of limitations as to Petitioner's post-conviction petition since her claims are not based on a new rule of constitutional law applying retroactively, new scientific evidence establishing her actual innocence, or that she was seeking to challenge a sentence enhanced by a previous conviction that was overturned. Furthermore, the record does not show that Petitioner was entitled to due process tolling by pursuing her rights diligently and that an extraordinary circumstance stood in her way to prevent her from timely filing her post-conviction petition. *See Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013). Although Petitioner claimed in her pro se post-conviction petition that it was timely filed but never received by the post-conviction court, she did not provide the date she filed the petition or when she learned that the trial court had not received it before filing the present petition. Therefore, she has not shown that she was pursuing her rights diligently. Furthermore, as found by the post-conviction court, the claims presented by Petitioner in her post-conviction petition were either waived or not colorable claims for post-conviction relief. Accordingly, we conclude that "the interest of justice" does not warrant waiver of the timely filing of the notice of appeal requirement, and we dismiss the appeal as untimely.

## CONCLUSION

Because the interest of justice does not require a waiver of the timely filing of the notice of appeal, the appeal is dismissed.

_____
JILL BARTEE AYERS, JUDGE

- 4 -