IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2024

## STATE OF TENNESSEE v. JOSHUA JAMES SMITH

**Appeal from the Criminal Court for Hamblen County**
**No. 20-CR-336       John F. Dugger, Jr., Judge**

————————————————————

## No. E2023-01416-CCA-R3-CD

————————————————————

TIMOTHY L. EASTER, J., concurring in results only.

I ultimately concur in the majority's judgment dismissing this appeal. I write separately simply to address the majority's Part B consideration of why waiver of the timeliness requirement is not in the interest of justice. Candidly, Defendant did not ask for such consideration, let alone attempt to bear the burden of demonstrating that the interest of justice merits waiving the timely filing requirement.

Criminal defendants in Tennessee have thirty days after the entry of judgment to file a motion for new trial. Tenn. R. Crim. P. 33(a). A party seeking to appeal similarly has thirty days after the date of entry of the judgment appealed from to file a notice of appeal. Tenn. R. App. P. 4(a). Timely filing a motion for new trial in criminal cases tolls the time for filing a notice of appeal after a judgment has been entered; in such cases, "the time for appeal for all parties shall run from entry of the order denying a new trial[.]" *Id.* 4(c). The timely filing requirement for a notice of appeal, however, may be waived in criminal cases in the interest of justice. *Id.* 4(a).

Defendant, Joshua James Smith, filed his motion for new trial forty days late, as the majority recognizes. The trial court nevertheless ruled on the motion (though it erred in doing so, *see State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989) (holding that a trial court's only option in the event of an untimely motion for new trial is to dismiss the motion)). Defendant filed his notice of appeal seven days after the trial court denied his motion for new trial.

Defendant's untimely motion for new trial—by the fact of its untimeliness—could not toll the timeline for filing his notice of appeal. His notice of appeal, as the majority also recognizes, was therefore sixty-two days late.

In no circumstance is this Court required to waive the timely filing of the notice of appeal. "If this Court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).[1] In determining whether the interest of justice weighs in waiver's favor, we consider "the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id.* (citation omitted). The appealing party bears the burden of properly perfecting his appeal or demonstrating that the interest of justice merits waiving the timely filing requirement. *See State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (citing *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023)), *perm. app. denied* (Tenn. May 16, 2024).

Defendant's appellate brief fails to address his motion for new trial's untimeliness (and by extension his notice of appeal)—his brief makes no mention of either fact. The State argued in its response brief that we should dismiss the appeal on untimeliness grounds, thereby putting Defendant on notice of the timeliness issue. Defendant did not avail himself of the opportunity to file a reply brief addressing this issue.

Defendant has made no attempt to explain to this Court why waiver is in the interest of justice. This should end our analysis. There is, respectfully, no reason to explain why factors weigh for or against granting a waiver of the timeliness requirement.

_____

TIMOTHY L. EASTER, JUDGE

---

[1] It is worth noting that *Rockwell* was an appeal by the State that did not involve a motion for a new trial.