FILED

02/14/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 14, 2025

## STATE OF TENNESSEE v. WILLIAM CONNOR READ

**Appeal from the Circuit Court for Robertson County**
**No. 74CC4-2019-CR-156A, 74CC2-2020-CR-96     Robert Bateman, Judge**

———————————————————

### No. M2024-00821-CCA-R3-CD

———————————————————

The defendant, William Read, appeals the order of the trial court revoking his probation and ordering him to serve the remainder of his eleven-year and six-month sentence in confinement. Upon our review of the record and the parties' briefs, we dismiss the appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR. and MATTHEW J. WILSON, JJ., joined.

Dan Dalrymple, Springfield, Tennessee, for the appellant, William Connor Read.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Robert J. Nash, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### *Facts and Procedural History*

On April 2, 2020, the defendant pled guilty to one count of reckless endangerment, one count of vandalism of property, and one count of theft of property. The defendant received an effective nine-year and six-month sentence, with the first three years and six months to be served in confinement with the Tennessee Department of Correction, followed by six years on supervised probation. During his initial confinement, the defendant received a furlough to participate in a rehabilitation program.

However, the defendant absconded from the rehabilitation program and did not return to jail. Consequently, he was indicted for and pled guilty to escape. For this conviction, the defendant received a two-year suspended sentence to be served consecutive to the prior convictions. The defendant received a second furlough to return to the rehabilitation program, which he successfully completed. As a result, the trial court terminated the furlough and suspended the defendant's sentence to supervised probation.

On July 14, 2023, a warrant was issued alleging the defendant had violated the terms of his probation by testing positive for marijuana, methamphetamine, and amphetamine. A second warrant was filed on August 2, 2023, alleging the defendant had been arrested for possession of methamphetamines with intent to sell. Lastly, a third warrant was filed on August 11, 2023, alleging the defendant was arrested for vehicular assault and vehicular reckless endangerment.

On April 12, 2024, a probation revocation hearing was held alleging the defendant had violated the conditions of his probation. The State presented the testimony of Detective Christopher Osborne. Det. Osborne testified that on July 23, 2023, during a search incident to the arrest of the defendant pursuant to the July 14th warrant, he discovered a clear crystal-like substance in the defendant's pocket. The Tennessee Bureau of Investigation Crime Laboratory determined the substance was 7.98 grams of methamphetamines. A copy of the lab report was entered into evidence at the hearing. Based on the total weight of the substance, the defendant was charged with possession of methamphetamines with intent to sell.

The defendant, testifying on his own behalf, claimed that he "was doing good" on probation until witnessing the death of his brother. The defendant admitted to violating his probation by using and possessing methamphetamines. However, the defendant stated, "I would be grateful to be able to get, you know, rehab treatment or something, and have another opportunity, you know?" The defendant acknowledged previously receiving treatment as part of his probation but asked for a reinstatement of probation to receive mental health treatment related to his brother's death.

After considering the evidence and arguments of counsel, the trial court relied upon the defendant's admission to the violation of the terms of his probation. The trial court turned to the second determination, the disposition, and explicitly noted the defendant's multiple probation violations. The trial court also made note of the defendant's two prior opportunities to seek treatment for his substance abuse problems. Ultimately, the trial court ruled that the defendant was "not a candidate for alternative sentencing" and that it had "no choice but to revoke his probation and order him to serve" the remainder of his sentence. On the same day, April 12, 2024, a Violation of Probation Order was filed reflecting the

trial court's decision and awarding the defendant credit for time served on probation and in confinement.

On June 3, 2024, the trial court filed a "Revised Agreed Order on Violation of Probation" that corrected the underlying case numbers and the dates of credit to be awarded to the defendant. The "Revised Order" did not alter the trial court's revocation and disposition determinations. On June 5, 2024, the defendant filed his notice of appeal.

*Analysis*

On appeal, the defendant contends the trial court erred by revoking his probation and ordering him to serve the remainder of his eleven-year and six-month sentence in confinement. Specifically, the defendant argues the trial court failed to consider the disposition as a separate decision from the revocation and failed to make its decisions with "the interest of justice in mind." The State contends the trial court was within its discretion when it revoked the defendant's probation and ordered him to serve the remainder of his sentence in confinement. Additionally, the State argues that the defendant's appeal is untimely as it was filed more than thirty days after the filing of the original Order. We agree with the State and conclude the defendant's appeal is untimely and, therefore, is dismissed.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P.4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the Rule." *Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). It is the burden of the petitioner to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(b).

Here, the trial court's order reflecting the revocation and disposition of the defendant's probation was filed on April 12, 2024. The defendant's Notice of Appeal was filed on June 5, 2024, a date beyond the thirty-day period. The defendant cites Tennessee Rule of Criminal Procedure 36 to argue the trial court's filing of the Revised Order on June 3, 2024, allowed for an additional thirty-day period in which to timely appeal the revocation and disposition. We disagree.

- 3 -

Rule 36 provides a "housekeeping" mechanism for a trial court to retain jurisdiction to correct clerical errors in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Tenn. R. Crim. P. 36. The defendant is correct that Rule 36 does provide a right to appeal a corrected order or a denial of a motion for corrected order pursuant to this Rule. *Id.* However, the Rule 36 right to appeal is limited to an appeal of the clerical correction. It does not allow for a party to reopen the substance of the original order for appeal. Here, the defendant had the right to appeal the trial court's original revocation order within thirty days of its entry on April 12, 2024, but he did not do so. Tenn. R. App. P. 4(a).

While this Court retains the authority to waive the timeliness requirement of the appeal, the defendant neither provided a reason for the untimeliness of his notice of appeal, nor did he request a waiver of the rule prior to the filing of his reply brief. As noted above, waiver should only occur when "the interests of justice" requires such. *Rockwell*, 280 S.W.3d at 214. The defendant has failed to provide an explanation for his untimely notice, and therefore, the "interests of justice" do not mandate the waiver of the requirement. Accordingly, the instant appeal is dismissed.

Moreover, even had this Court deemed the waiver of the timeliness requirement to be in the interest of justice, the defendant's appeal would be denied. A trial court's decision to revoke probation is reviewed for an abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). "A probation revocation proceeding ultimately involves a two-step inquiry. A trial court, upon finding by a preponderance of the evidence that a defendant violated the conditions of his or her probation, must determine (1) whether to revoke probation, and (2) the appropriate consequence to impose upon revocation." *Id.* at 753.

In the case at bar, the defendant admitted to multiple violations of his probation conditions, and thus, the trial court's initial determination to revoke the defendant's probation, was not an abuse of discretion. As to the disposition of the revocation, the trial court has "discretionary authority to: '(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years.'" *State v. Fleming*, No. E2017-02352-CCA-R3-CD, 2018 WL 6787580, at *2 (Tenn. Crim. App. Dec. 26, 2018) (quoting *State v. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014)) (citations omitted).[1] In

---

[1] Tennessee Code Annotated section 40-35-308(c)(1) statutorily limits trial courts to a maximum of one year extension of probation.

addition, this Court has repeatedly held that "an accused, already on [suspended sentence], is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Walden*, 2022 WL 17730431 *4 (Tenn Crim. App. December 16, 2022) (quoting *State v. Brumfield,* No. M2015-01940- CCA-R3-CD, 2016 WL 4151178, at *8 (Tenn. Crim. App. Aug. 10, 2016) (citations omitted)).

In this case, the trial court's decision to order the defendant to serve the remainder of his sentence in confinement was not an abuse of discretion. The trial court took explicit notice of the defendant's prior opportunities to seek rehabilitation and his multiple new charges. The trial court sufficiently recorded the facts it considered and its reasoning for determining the defendant was no longer a candidate for alternative sentencing. Therefore, the trial court's determination that the most appropriate sentence for the defendant was full revocation was not abuse of discretion.

### *Conclusion*

Based on the foregoing authorities and reasoning, we conclude the interests of justice do not mandate waiver of the timeliness requirement, and, therefore, dismiss the appeal.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE