IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2026

**ED HENRY LOYDE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 12-00603        James Jones, Jr., Judge
_____

**No. W2025-00521-CCA-R3-PC**
_____

Petitioner, Ed Henry Loyde, appeals the summary dismissal of his petition seeking DNA analysis of evidence related to his 2014 conviction for rape of a child and aggravated sexual battery. Petitioner's notice of appeal was untimely filed, and we conclude Petitioner is not entitled to waiver of the filing deadline. We, therefore, dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which KYLE A. HIXSON and STEVEN W. SWORD, JJ., joined.

Ed Henry Loyde, Tiptonville, Tennessee, appellant, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Kelly M. Telfeyan, Assistant Attorney General; and Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

A Shelby County Jury convicted Petitioner of rape of a child and aggravated sexual battery after hearing proof that Petitioner penetrated an eight-year-old child while the child's grandmother was asleep in the next room. *See State v. Loyde*, No. 2014-01055-CCA-R3-CD, 2015 WL 1598121, at *1, *2 (Tenn. Crim. App. Apr. 6, 2015), *perm. app. denied* (Tenn. July 21, 2015). The trial court imposed an effective sentence of thirty-five years in confinement, and this court affirmed the convictions on direct appeal. *Id*. at *1.

On direct appeal, Petitioner raised only one issue: he argued that the evidence was insufficient to support his convictions because, relevant here, "there was no forensic evidence of the rape . . . ." *Id*. at *3. In our opinion, we pointed to the testimony of the State's expert, Dr. Karen Lakin, in which she testified that the vast majority of child sex abuse cases do not yield forensic evidence because disclosure of the abuse often occurs well after the abuse itself. *Id*. at *2. She also testified that in cases where the examination occurred more than seventy-two hours after the assault, there would be no attempt to collect DNA because the procedure would be ineffective. *Id*. The record on direct appeal showed that the victim disclosed her abuse several weeks after the abuse occurred. *Id*. Because of the delayed disclosure, no DNA was ever collected. *Id*. at *3.

Following the denial of his direct appeal, Petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel, which the post-conviction court denied after an evidentiary hearing. *See Loyde v. State*, No. W2018-01740-CCA-R3-PC, 2020 WL 918602, at *1, *3 (Tenn. Crim. App. Feb. 25, 2020), *perm. app. denied* (Tenn. July 7, 2020). We affirmed the denial on appeal, and our supreme court denied further review. *Id*. at *6. Petitioner next filed for a writ of habeas corpus, which the habeas court summarily dismissed; we also affirmed on appeal. *See Loyde v. Phillips*, No. W2020-01310-CCA-R3-HC, 2021 WL 3828326, at *1 (Tenn. Crim. App. Aug. 27, 2021), *no perm. app. filed*. Petitioner then moved on to federal court, filing for a writ of habeas corpus in the Western District of Tennessee. *See Loyde v. Genovese*, No. 2:22-cv-02049-SHL-tmp, 2025 WL 782306, at *1 (W.D. Tenn. Mar. 11, 2025). The district court denied relief, finding Petitioner's claims to be either procedurally defaulted or without merit. *Id*. *9.

While Petitioner's federal habeas petition was pending, he filed the present petition for post-conviction DNA analysis in the Criminal Court for Shelby County. Although Petitioner argued on direct appeal that the convicting evidence was insufficient because there was no DNA evidence, *see Loyde*, 2020 WL 918602, at *3, he nevertheless petitioned to have unspecified DNA evidence tested to prove his innocence. The court below summarily dismissed the petition, finding that no DNA was ever collected. This untimely appeal followed.

**Analysis**

In this appeal, Petitioner takes issue with the post-conviction court's written order, arguing that the court applied the wrong statutory framework and relied on facts unsupported by the record. Specifically, he claims the court below analyzed his petition under the Post-Conviction Fingerprint Analysis Act, rather than the Post-Conviction DNA Analysis Act. He also claims the court based its denial on an erroneous set of facts "not applicable to Appellant's case" when it identified his petition as seeking fingerprint

analysis of a gun recovered from the scene. Finally, Petitioner claims the court erred in dismissing a "colorable claim" for relief. The State argues that Petitioner's appeal should be dismissed as untimely. We agree with the State.

The State correctly points out that Petitioner's notice of appeal was filed more than four weeks past the filing deadline. Generally, a post-conviction petitioner has an appeal as of right from the denial of his or her petition below. Tenn. R. App. P 3(b). This right, however, is conditioned upon the timely filing of the notice of appeal, which must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Pro se litigants who are incarcerated at a correctional facility may satisfy the filing deadline by delivering the notice of appeal "to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g); *see also Denton v. Leeds*, No. W2024-01595-CCA-R3-HC, 2025 WL 1331528, at *1, (Tenn. Crim. App. May 7, 2025), *perm. app. denied* (Tenn. Sept. 9, 2025) (citation modified). The burden is on a petitioner to show the delivered notice of appeal was filed with the "appropriate individual at the correctional facility" before the filing deadline. *Id*. (citation modified).

Here, the post-conviction court entered its order dismissing the petition on February 14, 2025. Accordingly, Petitioner had until March 17, 2025, to file his notice of appeal, but the notice was not filed until April 15, 2025. In his reply brief, Petitioner does not argue that he delivered the notice to the appropriate prison official prior to the deadline; rather, he argues that "the State's assumption of untimeliness rests on inference rather than evidence," and "where uncertainty exists, dismissal is not compelled." Petitioner's argument as to Rule 20(g) conflates the burden of proof. It is not the State's burden to show that Petitioner made a timely delivery to the appropriate person, but rather, it is his burden. *See Denton*, 2025 WL 1331528, at *2. The notice itself includes a listed date of April 4, 2025, but even if we construe that date as proof of delivery to the appropriate prison official, it is still well beyond the filing deadline. Given these facts, we conclude that Petitioner's notice was untimely filed.

In response to the State's argument for dismissal, Petitioner asks this court to waive the filing deadline in the interest of justice. In criminal cases, the filing of "'the notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Indeed, "if this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id*. To determine whether the interest of justice requires waiver, our court looks to the nature of the issues presented for review, the reasons for delay, and other relevant factors presented by each case. *Denton*, 2025 WL 1331528, at *3. When the appellant fails to explain the

delay or acknowledge the late filing, we may conclude that there is no need to address an appellant's claim in the interest of justice. *Id.*

Here, waiver is inappropriate for three reasons. First, Petitioner has offered no explanation for the delay. In his principal brief, he failed to acknowledge the untimely nature of his filing altogether. In his reply brief, he merely shifts the burden upon the State to show why waiver is not warranted and fails to address any reason for the delay. Because Petitioner fails to explain why his filing was late, this factor does not favor granting a waiver.

Second, Petitioner's argument that waiver is required because the court below misapplied the law and relied on incorrect facts conflicts with the record in this case. We acknowledge that the post-conviction court's order was titled "Order Denying Post-Conviction Fingerprint Analysis Act Pursuant to T.C.A. § 40-30-401." We further acknowledge that the second sentence on the first page of the order states: "Petitioner now files a post-conviction petition asking for fingerprint testing of the evidence in his case, in particular a gun recovered on the scene." However, the title and sentence appear to be scrivener's errors. The next two pages go on to specifically describe Petitioner's case history, the underlying facts, and the correct statutes for analyzing Petitioner's request for DNA testing. Petitioner's argument, which is one of two bases for this appeal, mischaracterizes the substance of the post-conviction court's order. Because this issue is premised on what we deem a mischaracterization of the record, we conclude this factor does not justify granting a waiver.

Finally, there is nothing in the record that shows that DNA evidence was collected in this case. Even if we excuse Petitioner's failure to explain his delay and his mischaracterization of the dismissal order, there appears to be no DNA evidence to test. Under the Post-Conviction DNA Analysis Act, a petitioner must establish four requirements before testing will be ordered. Tenn. Code Ann. § 40-30-304. One of those requirements is showing that "[t]he evidence is still in existence and in such a condition that DNA analysis may be conducted." Tenn. Code Ann. § 40-30-304(2). All the statutory requirements must be met before DNA analysis will be ordered, *see Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011), and failure to meet any one of the four requirements is fatal to the action. *Pepper v. State*, No. M2023-00785-CCA-R3-PC, 2025 WL 226793, at *1, *8 (Tenn Crim. App. Jan. 17, 2025), *perm. app. denied* (Tenn. June 23, 2025). Here, there was sworn testimony at trial that DNA was not collected in this case. Moreover, Petitioner based his direct appeal on the fact that the State offered no DNA evidence to support his conviction, and there is nothing in the record to suggest that any DNA evidence has been discovered since trial. Absent something in the record showing that DNA evidence was collected and preserved, the court below was without authority to grant relief. Accordingly, there is no justification in granting a waiver.

## Conclusion

Petitioner's notice of appeal was untimely filed. For the reasons above, Petitioner has failed to demonstrate that the interest of justice supports waiving the filing deadline. Accordingly, we dismiss his appeal as untimely.

      s/ Matthew J. Wilson
_____
MATTHEW J. WILSON, JUDGE
