IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2025

**STATE OF TENNESSEE v. DARRELL E. NANCE**

**Appeal from the Criminal Court for Hamblen County
No. 08CR050       John F. Dugger, Jr., Judge**

_____

**No. E2024-01113-CCA-R3-CD**

_____

The pro se Defendant, Darrell E. Nance,[1] appeals from the trial court's summary dismissal of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. Specifically, the Defendant argues that (1) the trial court erred in concluding that his sentence of life imprisonment was legal, (2) the State's motion to dismiss his motion was untimely, and (3) the trial court erred in declining to appoint counsel and hold a hearing on his motion. Because we conclude that the Defendant's notice of appeal was untimely filed and that the interest of justice does not require waiver of the timely filing requirement, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

Darrell E. Nance, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Kimberly L. Morrison, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.      FACTUAL AND PROCEDURAL HISTORY**

---

[1] Throughout the record, the Defendant spells his name alternatively as "Darrell" and "Darryl." For clarity, we adopt the spelling used in his notice of appeal and on his judgment forms. We intend no disrespect.

On January 21, 2008, the Defendant was charged with the first degree murder and especially aggravated kidnapping of the victim, Willie Morgan. Following the appointment of counsel, the Defendant pleaded guilty to both charges on March 30, 2010.

At the Defendant's guilty plea submission hearing, the trial court merged the Defendant's especially aggravated kidnapping conviction with his first degree murder conviction. After imposing a sentence of life imprisonment, the trial court explained to the Defendant that he would serve at least fifty-one years of his sentence before he was eligible for release. The Defendant stated that he understood this, and the trial court continued, "You're . . . twenty-four years of age and you'll be approximately seventy-five years of age . . . before you are eligible for parole[.]" The Defendant again responded that he understood the terms of his sentence.

On December 6, 2010, the Defendant filed a timely petition for post-conviction relief, which he later amended and subsequently withdrew on November 6, 2012. The record does not include copies of the Defendant's petition for post-conviction relief, the amended petition, or the withdrawal of his petition.

On February 21, 2024, the Defendant filed a "Memorandum i[n] Support of Motion to Correct an Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1, followed by a "Motion to Correct an Illegal Sentence" on February 26, 2024. In these filings, the Defendant argued principally that the State and defense counsel intentionally misled him into pleading guilty because they "promised" he would be eligible for parole. However, because the Defendant was sentenced to life imprisonment, he was ineligible for parole. The Defendant argued that his guilty pleas were "completely dependent on parole eligibility" and averred that he "truly believed that he would be eligible for release after service of 60% of 60 years with a minimum of 25 calendar years served."[2] The Defendant further alleged that neither the State nor defense counsel explained that he would not be eligible for release until he served at least fifty-one years of his life sentence. The

---

[2] The Defendant relies upon Tennessee Code Annotated section 40-35-501(h)(1) (2024) in support of his argument, which concerns release eligibility for defendants convicted of first degree murder "on or after November 1, 1989, but prior to July 1, 1995." The record indicates that the Defendant murdered the victim on or about January 19, 2008. Accordingly, the Defendant's claims are properly analyzed under section 40-35-501(i), which reads, in pertinent part, as follows:

> There shall be no release eligibility for a person committing an offense [of first degree murder], on or after July 1, 1995 . . . The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

Tenn. Code Ann. § 40-35-501(i)(1), (2) (2008) (subsequently amended).

Defendant also argued that defense counsel coerced him into pleading guilty by implying he would be eligible for the death penalty.

The State filed a motion to dismiss the Defendant's motion to correct an illegal sentence on April 18, 2024. In relevant part, the State argued that the Defendant's sentence was not illegal because life sentences, though ineligible for parole, may be reduced by fifteen percent based on sentence reduction credits earned by the Defendant. *See* Tenn. Code Ann. § 40-35-501(i)(1) (2008) (subsequently amended). The State further noted that the Defendant indicated that he understood the terms of his sentence during his guilty plea submission hearing.

On June 18, 2024, the trial court entered an order summarily dismissing the Defendant's motion to correct an illegal sentence. In its order, the trial court found that regardless of whether the State or defense counsel failed to explain to the Defendant that he would not become eligible for release until he had served fifty-one years of his sentence, he nevertheless stated under oath that he understood the terms of his sentence during his guilty plea submission hearing. Further, the trial court noted that though the Defendant "claims that he thought the law prior to July 1, 1995, was applicable to him," the victim was murdered on or about January 19, 2008, more than twelve years later. The trial court thus concluded that the Defendant's sentence was legal. Further, the trial court found that the Defendant had raised similar arguments in his post-conviction petition regarding defense counsel's alleged coercion of the Defendant into pleading guilty; accordingly, such arguments were waived when the Defendant withdrew his petition on November 6, 2012. The Defendant filed a notice of appeal on July 26, 2024.

## II.    ANALYSIS

On appeal, the Defendant maintains that his sentence was illegal because he was "guaranteed parole eligibility" on two occasions during his guilty plea submission hearing despite the unavailability of a sentence of life with the possibility of parole in the State of Tennessee. He also argues that the State's motion to dismiss his motion for correction of an illegal sentence was untimely and that the trial court erred in declining to appoint counsel and to hold a hearing on his motion. The State responds that the Defendant's appeal should be dismissed because his notice of appeal was untimely by eight days.

A notice of appeal must be "filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). However, "in all criminal cases the notice of appeal document is not jurisdictional," and this court may waive the timely filing requirement when the interest of justice mandates waiver. *Id.* (internal quotation marks omitted); *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Waiver is not automatic, and the appealing party bears the responsibility to demonstrate that the interest of justice merits waiver of an untimely notice of appeal. *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App.

Nov. 9, 2023) *perm. app. denied* (Tenn. May 16, 2024) (quoting *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a)). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005).

In this case, the trial court entered its order denying relief on June 18, 2024, so the deadline for the Defendant to file a timely notice of appeal was July 18, 2024. Tenn. R. App. P. 4(a). As the State notes, the Defendant's notice of appeal was filed on July 26, 2024, rendering it untimely by eight days. The Defendant explains in his reply brief that he did not receive a copy of the trial court's order denying relief until ten days after its entry, on June 28, 2024.[3] The Defendant asserts that he believed that the thirty-day deadline to file a timely notice of appeal began upon his receipt of the trial court's order denying relief and that he accordingly believed that he had until July 28, 2024 to file a timely notice of appeal. Upon this basis, the Defendant requests that this court waive the timely filing requirement.

The sum of the Defendant's argument that the interest of justice requires the waiver of the timely filing requirement is that he misunderstood the applicable law and believed that he had thirty days from the date of his receipt of the trial court's order denying relief, rather than thirty days from the date of the trial court's entry of the order denying relief. However, a "presumed misunderstanding of the law[] weighs against a waiver" of the timely filing requirement of a notice of appeal. *Rockwell*, 280 S.W.3d at 214. This court has repeatedly declined to waive the timely filing requirement of a notice of appeal where the defendant asserts a misunderstanding of the applicable law. *See, e.g.*, *State v. Smith*, No. E2023-01065-CCA-R3-CD, 2024 WL 3385535, at *2 (Tenn. Crim. App. July 12, 2024), *no perm. app. filed*; *State v. Bullock*, No. E2021-00661-CCA-R3-CD, 2022 WL 3012460, at *3 (Tenn. Crim. App. July 29, 2022); *Kimbrough v. State*, No E2017-01354-CCA-R3-PC, 2018 WL 2277831, at *2 (Tenn. Crim. App. May 18, 2018). Accordingly, the Defendant's argument for waiver is unavailing.

Moreover, the nature of the issues presented for our review does not support a waiver in the interest of justice. The Defendant's principal claim on appeal is that his life sentence is illegal because the trial court stated he would serve fifty-one years before he was "eligible for parole." He contends that this amounts to imposing an illegal life sentence with the possibility of parole. Though the Defendant is correct that a sentence of life imprisonment with the possibility of parole is not a legally available sentence in the State of Tennessee, the phrase "life with the possibility of parole" has often "been used

---

[3] Our review of the record indicates that the Hamblen County Clerk mailed a copy of the trial court's order denying relief by first-class mail on June 25, 2024.

- 4 -

colloquially to differentiate between two of the available sentences" for first degree murder, "imprisonment for life without the possibility of parole and imprisonment for life." *Lawrence v. Genovese*, No. W2023-00607-CCA-R3-HC, 2024 WL 1852975, at \*4 (Tenn. Crim. App. April 29, 2024), *perm. app. denied* (Tenn. Sept. 13, 2024) (citing Tenn. Code Ann. § 39-13-204(a); *Penley v. State*, No. E2004-00129-CCA-R3-PC, 2004 WL 2439287, at \*3 (Tenn. Crim. App. Nov. 1, 2004) (internal quotation marks omitted)). The colloquial use of the phrase "life with the possibility of parole" does not render the Defendant's sentence illegal. *Lawrence*, 2024 WL 1852975, at \*4 (citing *Williams v. State*, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at \*2 (Tenn. Crim. App. Sept. 30, 2013); *Rose v. Lindamood*, No. M2017-00928-CCA-R3-HC, 2018 WL 3116609, at \*2 (Tenn. Crim. App. June 25, 2018)). Accordingly, the trial court appropriately concluded that the Defendant had not raised a colorable claim for relief.

The nature of the additional issues the Defendant presents for our review also does not weigh in favor of waiver. Though the Defendant contends that the trial court erroneously relied upon the State's untimely filed motion to dismiss his motion to correct an illegal sentence, the record does not support this argument. However, the timeliness of the State's response to the Defendant's motion to correct an illegal sentence is not pertinent to the trial court's conclusion that the Defendant had failed to raise a colorable claim for relief. In its order denying relief, the trial court restated the arguments advanced by the Defendant and the State and concluded, following a "thorough review," that the Defendant had failed to raise a colorable claim for relief and summarily dismissed the Defendant's motion. In such cases, the trial court is not required to hold a hearing or appoint counsel. *See* Tenn. R. Crim. P. 36.1(b)(2), (3). Therefore, the Defendant would not be entitled to relief even if we were to waive the timely filing requirement.

Accordingly, we decline to waive the untimeliness of the Defendant's notice of appeal. Because the Defendant's notice of appeal was untimely filed, we dismiss the appeal.

### III. CONCLUSION

Based on the foregoing, we conclude that the Defendant's notice of appeal was untimely filed and that the interest of justice does not require a waiver of the timely filing requirement. The Defendant's appeal is dismissed.

      s/ Kyle A. Hixson            
KYLE A. HIXSON, JUDGE