IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 8, 2025

## STATE OF TENNESSEE v. ASHLEY BIANCA RUTH KROESE

**Appeal from the Circuit Court for Williamson County**
**No. M-CR200516   Deana C. Hood, Judge**
_____

### No. M2024-01166-CCA-R3-CD
_____

Defendant, Ashley Bianca Ruth Kroese, appeals the denial of her motion to correct clerical errors in her judgments. On appeal, she claims the trial court erred by summarily denying her motion and failing to enter corrected judgments to include jail credit for the time she was on home confinement pending trial. Because the record is inadequate for meaningful review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Ashley Bianca Ruth Kroese, Pikeville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Stacey Edmonson, District Attorney General; and Carlin C. Hess, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

This case arose from a two-car head-on collision in Williamson County resulting in the death of Brentwood Police Officer Dustin Leguiza who was driving his patrol vehicle. Defendant was the driver of the other vehicle and survived the crash. It was later determined that Defendant's blood alcohol concentration was 0.166%, twice the legal limit.

In February 2022, a Williamson County jury convicted Defendant of vehicular homicide by intoxication, vehicular homicide with a blood alcohol concentration of 0.08% or greater, vehicular homicide by recklessness, and reckless aggravated assault resulting in

death. The trial court sentenced Defendant as a Range I offender to eight years' confinement. The judgments reflect that Defendant received pretrial jail credits from June 22, 2020, to July 6, 2020; one hour and seven minutes on November 5, 2020; and from February 18, 2022, to March 29, 2022.

Defendant appealed. While her direct appeal was pending, on July 26, 2022, Defendant filed a "Motion to Award Jail Credit for House Arrest" requesting additional jail credit of 19.7 months for time she spent on house arrest prior to trial ("July 26, 2022 motion"). Following a hearing on August 1, 2022, the trial court entered a written order on August 3, 2022, ("August 3, 2022 order") denying the motion.

On May 7, 2024, this court affirmed Defendant's convictions on direct appeal. The supreme court thereafter denied Defendant's application for permission to appeal. *See State v. Kroese*, No. M2022-01180-CCA-R3-CD, 2024 WL 2034366, at *1 (Tenn. Crim. App. May 7, 2024), *perm. app. denied* (Tenn. Jan. 22, 2025).

On June 13, 2024, less than one month after this court affirmed the judgments of conviction, Defendant filed a pro se "Motion to Correct Judgment for Omission or Oversight," alleging that the conditions of her pretrial house arrest were sufficiently restrictive to warrant pretrial jail credit under Rule 36 of the Tennessee Rules of Criminal Procedure ("Rule 36 motion"). Those conditions included "electronic monitoring, restricted movement, and regular compliance checks," similar to the conditions faced by defendants in serving community corrections. For relief, Defendant requested a correction of the judgments to reflect additional pretrial jail credit of "over nineteen months," specifically from July 6, 2020, to February 18, 2022.

Upon a review of Defendant's Rule 36 motion, the State's response, and the "entire record as a whole," the trial court held that the August 3, 2022 order was "res judicata" and found "no legal basis" to set aside the order.[1] The trial court entered an order summarily denying the Rule 36 motion on June 27, 2024.

Defendant filed a pro se notice of appeal which indicated it was signed July 26, 2024 and which was received and filed with the appellate clerk on August 1, 2024. The envelope containing the notice of appeal is from a UPS Store, indicates that Bledsoe County Correctional Facility is the sender, and the shipping label reflects a date of July 31, 2024.

On January 3, 2025, Defendant filed a letter dated November 26, 2024, enclosing a notarized sworn affidavit which the letter stated "detail[ed] the timely submission of [her]

---

[1] Defendant's July 26, 2022 motion was decided by a different judge.

Notice of Appeal as required by Rule 20(g) of the Tennessee Rules of Appellate Procedure." The declaration states in part:

> 1. On June (sic) 20, 2024, I delivered the attached Notice of Appeal to the appropriate correctional institution personnel mailing system for forwarding to the Clerk of the Court of Criminal Appeals.
>
> 2. I pre-paid the required postage, and the mailing was deposited into the institution's official mail system on the same date for daily pick up by the appropriate correctional institution personnel mailing system.

## Analysis

Defendant claims that she is entitled to pretrial jail credit for time she was under house arrest and that the trial court erred in denying her motion to correct the judgments with additional pretrial jail credit. The State initially asserts that the appeal should be dismissed for untimeliness. Defendant filed a reply brief addressing the State's claim that her appeal is untimely and attached to her brief a copy of the notarized declaration asserting that she complied with Rule 20(g) of the Tennessee Rules of Appellate Procedure ("Rule 20(g)"), the prison mailbox rule. The Rule permits papers filed by a pro se incarcerated litigant to be deemed timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." The State's responsive brief did not acknowledge or address Defendant's notarized declaration that she had complied with Rule 20(g).

Under the Rules of Appellate Procedure, Defendant had thirty days from the entry of the judgment to perfect an appeal. Tenn. R. App. P. 4(a); Tenn. R. Crim. P. 36. The trial court's order denying Defendant's motion to correct her judgment was entered June 27, 2024. Because the thirtieth day fell on a Saturday, July 27, 2024, Defendant had until Monday, July 29, 2024, to file a timely notice of appeal. *See* Tenn. R. App. P. 21(a) (providing rules of time computation). As noted above, Defendant's notice of appeal was filed on August 1, 2024, after the time period had passed. Because Defendant is representing herself and was incarcerated at the time she filed her appeal, Rule 20(g) is triggered and under the Rule, Defendant has the burden of establishing compliance.

The only proof in the record of Defendant's compliance with Rule 20(g) is her declaration of compliance. We have no documentation from the correctional facility acknowledging the date Defendant delivered her notice of appeal to the appropriate person in the facility. Thus, we cannot conclude that Defendant complied with Rule 20(g). "An untimely notice of appeal can, and often does, result in a dismissal of the appeal." *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App.

Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024).  However, this court may waive the timely filing requirement "in the interest of justice."  Tenn. R. App. P. 4(a).  When considering whether to waive an untimely notice of appeal, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case."  *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).  Other relevant factors include the failure to acknowledge an untimely appeal and to seek waiver of the filing requirement.  *See State v. Cooke*, No. M2019-01164-CCA-R3-CD, 2020 WL 3606451, at \*2 (Tenn. Crim. App. July 2, 2020) (declining to waive untimely notice of appeal, in part, when the defendant failed to respond to the State's argument that the motion for new trial and notice of appeal were untimely).

The appealing party "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interest[] of justice' merit[s] waiver of an untimely filed notice of appeal."  *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at \*3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).  Because Defendant's reply brief addresses the timeliness of her notice of appeal as raised by the State and she referenced the declaration she filed prior to the completion of the briefing process and the delay, if any, in filing was brief, we will waive the timely filing of the notice of appeal in the interest of justice.

Thus, we turn to the issue on appeal.  Defendant claims that she is entitled to pretrial jail credit for time she was under house arrest.  The trial court's decision and Defendant's complaint rest on the decision of the trial court's August 3, 2022 order, and the findings of the trial court at the August 1, 2022 hearing.  The record does not contain the August 1, 2022 hearing transcript which is necessary for this court to review the trial court's decision in this appeal.  It is the duty of the appellant to provide this court with transcripts "necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."  Tenn. R. App. P. 24(b).  Without the August 1, 2022 hearing transcript, this court cannot conduct a meaningful review of the trial court's decision and shall presume that the missing record would support the trial court's decision.  *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) (affirming *Oody* that an appellate court "may review the merits of the sentencing decision with a presumption that the missing transcript would support" the trial court's ruling).

## CONCLUSION

Based on the foregoing reasons, the judgment of the trial court is affirmed.

s/ *Jill Bartee Ayers*

JILL BARTEE AYERS, JUDGE