IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2026

**ERIC BLEDSOE v. GRADY PERRY, WARDEN**

**Appeal from the Criminal Court for Shelby County
No. 09-06393    Chris Craft, Judge**

_____

**No. W2025-00838-CCA-R3-HC**

_____

The Petitioner, Eric Bledsoe, appeals the trial court's summary dismissal of his petition for a writ of habeas corpus. Specifically, he contends he is entitled to relief due to a defective indictment for his underlying charge of aggravated rape. However, as pointed out by the State, the Petitioner's notice of appeal was filed late. Following our review, we conclude that the interest of justice does not require waiver of the timely filing requirement because the Petitioner's explanation for the late filing is based upon a misunderstanding of the "prison mailbox rule," *see* Tennessee Rule of Appellate Procedure 20(g), and the nature of his defective indictment issue does not warrant such. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which MATTHEW J. WILSON and STEVEN W. SWORD, JJ., joined.

Eric Bledsoe, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; and Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial, the Petitioner was convicted of aggravated rape, aggravated burglary, and theft of property valued at $1,000 or more. *State v. Bledsoe*, No. W2012-01643-CCA-R3-CD, 2013 WL 3968780, at *1 (Tenn. Crim. App. July 31, 2013), *perm. app. denied* (Tenn. Nov. 14, 2013). The trial court imposed an effective sixty-five-year sentence for these convictions. *Id.* The Petitioner appealed to this court, challenging only the sufficiency of the evidence regarding his aggravated rape conviction, specifically, the

element of penetration. *Id.* at \*6. This court affirmed. *Id.* at \*6-8. Thereafter, the Petitioner pursued post-conviction relief, claiming that his trial counsel was ineffective due to the failure to call potential defense witnesses or to adequately investigate the Petitioner's mental health history. *Bledsoe v. State*, No. W2016-00419-CCA-R3-PC, 2017 WL 1380022, at \*1 (Tenn. Crim. App. Apr. 13, 2017), *perm. app. denied* (Tenn. Aug. 18, 2017). The post-conviction court denied relief, and this court affirmed on appeal. *Id.*

In state court proceedings, the Petitioner mounted two additional unsuccessful post-conviction challenges to his convictions and sentence. The Petitioner filed a petition for post-conviction DNA analysis of the victim's underwear, bedsheets, and a piece of tissue, which was dismissed. *Bledsoe v. State*, No. W2017-01399-CCA-R3-PC, 2018 WL 1989612, at \*1-2 (Tenn. Crim. App. Apr. 25, 2018), *perm. app. denied* (Tenn. Aug. 13, 2018). The Petitioner also filed a motion to correct an illegal sentence, alleging that the trial court erred in applying enhancement and mitigating factors and imposing consecutive service, but his motion was dismissed. *State v. Bledsoe*, No. W2023-00730-CCA-R3-CD, 2024 WL 322117, at \*1 (Tenn. Crim. App. Jan. 29, 2024), *perm. app. denied* (Tenn. June 21, 2024). This court affirmed both of these judgments on appeal. The Petitioner also failed at seeking federal habeas corpus relief. *Bledsoe v. Lindamood*, No. 17-cv-02390-tmp, 2020 WL 7327325 (W.D. Tenn. Dec. 11, 2020), *app. dismissed sub nom. Bledsoe v. Frink*, No. 22-5337, 2022 WL 14149740 (6th Cir. July 29, 2022).

On March 5, 2025, the Petitioner filed the instant petition for a writ of habeas corpus in the state court, arguing that his indictment, particularly as it related to the aggravated rape count (count 1), was defective in that it did not give him proper constitutional notice as to the offense. Attached to the petition was an affidavit from the Petitioner, as well as a certificate of service stating the petition was "placed into the prison's mailing system and mailed" on February 24, 2025. Thereafter, the trial court summarily dismissed the petition, finding with regard to the aggravated rape count that "[t]he indictment clearly set[] out in [count 1] that the [Petitioner] 'did unlawfully and intentionally sexually penetrate and cause bodily injury to [the victim], in violation of T.C.A. 39-13-502.'" The trial court further concluded that the cited statute "list[ed] the statute and statutory elements for [a]ggravated [r]ape along with the date of the offense and name of the victim." The order of dismissal was entered and filed in the trial court on April 28, 2025.[1]

---

[1] The order originally provided an entry date of April 24, 2025, but there is a handwritten notation crossing out the day of the 24th and inserting the 28th. In a subsequent order denying the Petitioner's motion to rescind, the trial court twice notes the date of entry of this dismissal order as April 23rd.

The Petitioner then sent a "motion to rescind" the trial court's previous order of summary dismissal, which motion was filed on August 2, 2025. Attached to the motion was an affidavit from the Petitioner, as well as a certificate of service stating the motion was "placed into the prison's mailing system and mailed" on May 12, 2025; the purported mailing date of this motion was over two and one-half months earlier than when the motion was subsequently filed. This motion was subsequently denied by the trial court in an order filed on August 13, 2025.[2]

The Appellate Court Clerk's Office filed the Petitioner's notice of appeal document on June 4, 2025, which was thirty-seven days after the trial court's initial April 28, 2025 order of dismissal. In the certificate of service for the notice of appeal, the Petitioner states that the document was mailed to the Attorney General and the Appellate Court Clerk's Office on May 27, 2025. There is no affidavit attached to the document, nor any statement included therein regarding when the document was placed into the prison mailing system. It also is not notarized.

On appeal, the Petitioner insists that the indictment failed to meet constitutional notice requirements because it did not cite "the relevant criminal offense statute, and the specific statute subsection under which the alleged crime is defined." The Petitioner makes no mention in his principal brief of the thirty-day filing period for his notice of appeal. The State then asks us to dismiss this case due to the Petitioner's failure to file his notice of appeal in a timely fashion or, alternatively, to affirm the summary denial of relief. In a reply brief, the Petitioner responds to the State's allegation of untimeliness, by contending that the "prison mailbox rule" of Tennessee Rule of Appellate Procedure 20(g) saves his petition. The Petitioner submits that he had thirty days from the time he received the trial court's order dismissing his habeas corpus petition to file his notice of appeal. According to the Petitioner, the trial court's order was delivered to him through the prison "mailroom" on May 5, 2025, which would make the June 4, 2025 filing of notice of appeal document timely.

A notice of appeal must be "filed with the clerk of the appellate court within [thirty] days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). "An untimely notice of appeal can, and often does, result in a dismissal of the appeal." *State v.*

---

[2] The Petitioner sought, and received, supplementation of the record with this motion to rescind and the trial court's associated order. We note that he makes no timeliness argument in this record, and any such argument would be meritless. *See State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) (noting that a motion to reconsider is not contemplated by the Tennessee Rules of Criminal Procedure and that such motion is not among the specified motions in Tennessee Rule of Appellate Procedure 4(c) tolling the thirty-day filing requirement for the notice of appeal).

*Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App. Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024). However, "in all criminal cases the 'notice of appeal' document is not jurisdictional," and this court may waive the timely filing requirement when the interest of justice mandates such. Tenn. R. App. P. 4(a). Waiver is not automatic, and the appealing party bears the responsibility to demonstrate that the interest of justice merits waiver of an untimely notice of appeal. *Manning*, 2023 WL 7439203, at *3 (citations omitted). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citation omitted).

In this case, the trial court's order dismissing the habeas corpus petition was filed on April 28, 2025, so the deadline, under normal rules of time computation, for the Petitioner to file a timely notice of appeal was on or before May 28, 2025. *See* Tenn. R. App. P. 4(a), 21(a). As the State notes, the Petitioner's notice of appeal was filed on June 4, 2025, rendering it untimely by seven days. Nevertheless, the incarcerated Petitioner is representing himself, which triggers Rule 20(g) of the Tennessee Rules of Appellate Procedure, commonly referred to as "the prison mailbox rule." The prison mailbox rule permits documents filed by an incarcerated pro se litigant to be deemed timely "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). Where timeliness of filing is at issue, the burden of proving timely delivery is on the inmate. *Id.*

As for the length or reason for the delay, the Petitioner explains in his reply brief that he did not receive a copy of the trial court's dismissal order until May 5, 2025, seven days after it was filed and entered. According to the Petitioner's timeliness assertion, the thirty-day deadline to file a timely notice of appeal would begin to run upon his receipt of this order. The Petitioner has provided no legal basis for such an assumption, and there is none. *See State v. Nance*, No. E2024-01113-CCA-R3-CD, 2025 WL 354636, at *3 (Tenn. Crim. App. Jan. 31, 2025) (rejecting the defendant's argument for waiver of the timely filing of his notice of appeal where he misunderstood the applicable law and believed that he had thirty days from the date of his receipt of the trial court's order denying relief, rather than thirty days from the date of the trial court's entry of the order denying relief) (citing cases), *perm. app. denied* (Tenn. May 23, 2025). A "presumed misunderstanding of the law[] weighs against a waiver" of the timely filing requirement of a notice of appeal. *Rockwell*, 280 S.W.3d at 214. This court has repeatedly declined to waive the timely filing requirement of a notice of appeal where an appellant asserts a misunderstanding of the applicable law. *See Nance*, 2025 WL 354636, at *3 (citing cases).

Relevant to any potential application of the prison mailbox rule utilizing the correct dates for analysis, we note that the Petitioner states in his certificate of service for the notice of appeal document that it was mailed on May 27, 2025. However, there is no indication therein to whom at the correctional facility the Petitioner submitted his notice of appeal, and we have no notations by anyone at the correctional facility on the document. The document is not notarized. Moreover, the Petitioner attached to both his habeas corpus petition and his motion to rescind a certificate of service stating the motion was "placed into the prison's mailing system and mailed" on certain dates, in addition to an affidavit. This indicates some awareness on the Petitioner's part of the requirements of the prison mailbox rule. From the information provided, we cannot conclude that the Petitioner complied with Rule 20(g) in any meaningful way. *See, e.g.*, *State v. Kroese*, No. M2024-01166-CCA-R3-CD, 2025 WL 1091841, at *2 (Tenn. Crim. App. Apr. 9, 2025) (determining that the defendant had not met her burden of proving timely delivery pursuant to Rule 20(g) because the only proof in the record was the defendant's own declaration of compliance), *no perm. app. filed*.

Finally, regarding the nature of the issue presented for review, we observe that the Petitioner's principal claim on appeal is that the indictment was fatally defective because it did not include the corresponding statute for his aggravated rape charge. This is clearly incorrect. As the trial court aptly concluded, "The indictment clearly sets out in [count 1] that the [Petitioner] 'did unlawfully and intentionally sexually penetrate and cause bodily injury to [the victim], in violation of T.C.A. 39-13-502.'"

"If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Rockwell*, 280 S.W.3d at 214. In summary, we hold that the interest of justice does not weigh in favor of waiving the requirement of a timely-filed notice of appeal. *See, e.g.*, *Nance*, 2025 WL 354636, at *2-4 (declining to waive an untimely notice of appeal when the defendant misunderstood the prison mailbox rule and the nature of the issues presented did not raise colorable claims for relief under Rule 36.1). For these reasons, the appeal is dismissed.

 s/Kyle A. Hixson
KYLE A. HIXSON, JUDGE

- 5 -