IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2026

**STATE OF TENNESSEE v. BLAKE SHEMAR SWANN**

**Appeal from the Criminal Court for Hawkins County**
**No. CC-24-CR-127 John F. Dugger, Jr., Judge**

_____

**No. E2025-00975-CCA-R3-CD**

_____

The defendant, Blake Shemar Swann, appeals the order of the trial court revoking his probation and ordering him to serve his six-year sentence in confinement. Upon our review of the record and the parties' briefs, we dismiss the appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. Ross Dyer, J., delivered the opinion of the court, in which Timothy L. Easter and Tom Greenholtz, JJ., joined.

Colby A. Collins, Morristown, Tennessee, for the appellant, Blake Shemar Swann.

Jonathan Skrmetti, Attorney General and Reporter; Julia A. Johnson, Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Joan S. Stewart, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On August 30, 2024, the defendant pled guilty to evading arrest in a motor vehicle, misdemeanor evading arrest, and driving on a revoked license. The defendant was given a six-year sentence, whereby sixty days were to be served in confinement with the balance to be completed on supervised probation.

On November 1, 2024, a probation violation report was issued for the defendant in the above case. The report alleged that the defendant had failed to comply with the conditions of his probation by incurring new criminal charges. The violation report noted that the defendant had been arrested in Sullivan County and charged with a schedule II

drug violation, possession of drug paraphernalia, driving on a revoked license (second offense), and driving under the influence. The report also noted the defendant's failure to attend several classes that were required as a condition of his probation. On November 7, 2024, a probation violation warrant was issued.

On April 7, 2025, a second probation violation report was issued for the defendant. The accompanying report claimed that the defendant had been arrested in Sullivan County for failure to appear, theft of property valued up to $1000, two counts of vandalism, and misdemeanor evading arrest. On April 10, 2025, a second probation violation warrant was issued for the defendant.

Both probation violation warrants were executed on April 28, 2025.

A hearing was held on April 29, 2025, during which the defendant, having been appointed counsel, stipulated to the violations of probation. After reviewing the defendant's new charges, the trial court stated, "I'm going to reinstate the sentence. He's got all these charges. I mean, it violates probation." The defendant requested the trial court consider a rehabilitative alternative to confinement. Ultimately, the trial court concluded the defendant's six-year sentence would be reinstated. However, the trial court stated that if the defendant was accepted into a long-term inpatient rehabilitation program in Sullivan County, he would consider a rehabilitative alternative.

On June 30, 2025, while still represented by counsel, the defendant filed a pro se notice of appeal.

### Analysis

On appeal, the defendant argues that the trial court's failure to consider an alternative sentence was an abuse of discretion. The State maintains that the notice of appeal was a legal nullity and untimely filed. After review, we agree with the State that the appeal is untimely.

### I. Appellate Jurisdiction

Generally, a defendant may not proceed pro se while represented by counsel. *State v. Smith*, 492 S.W.3d 224, 242 (Tenn. 2016); *See also State v. Hester*, 324 S.W.3d 1, 33-34 (Tenn. 2010) (a defendant may assert the right to self-representation or the right to counsel, but not both). However, this Court has also allowed appeals to proceed "in the interest of justice" where a pro se notice of appeal is filed by a defendant who is also represented by counsel. *State v. Strowder*, No. E2024-00537-CCA-R3-CD, 2025 WL 659273, at *5 n.1 (Tenn. Crim. App. Feb. 26, 2025) (internal citations omitted). The State contends that because the defendant was represented by counsel at the time he filed the

notice of appeal, the notice is a legal nullity, and therefore, this Court lacks jurisdiction to hear the appeal. While the question of whether a represented defendant's pro se notice of appeal is sufficient to provide this Court with jurisdiction is properly before this Court, the notice of appeal was untimely, and as discussed *infra*, the interest of justice does not compel waiver or the timeliness requirement. Therefore, it is not necessary for us to resolve the nullity question.

## II.    Timeliness

The State also argues that we should dismiss the appeal as being untimely. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P.4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the30 day requirement a legal fiction and circumvents the rule." *Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996).

Here, the trial court's order reflecting the defendant's probation revocation was filed on April 29, 2025. The defendant had until May 29, 2025, in which to file a notice of appeal. *See* Tenn. R. App. P. 4(a). The defendant's notice of appeal was filed on June 30, 2025, approximately one month after the thirty-day filing deadline. Therefore, the notice of appeal was untimely.[1]

While this Court retains the authority to waive the timeliness requirement of the appeal, the defendant's principal brief failed to provide a reason for the untimeliness of the notice of appeal. This Court recognizes that the defendant, acting pro se, was uninformed of whether a timely notice had been filed by counsel. However, on appeal, the defendant fails to acknowledge the late filing, to request this Court waive the timeliness requirement, or to present a reason why the interest of justice necessitates the waiver of timely filing in this case. *See Strowder*, 2025 WL 659273, at *4 (concluding the absence of a clear or

---

[1] Because the defendant was incarcerated, Rule 20(g) of the Tennessee Rules of Appellate Procedure is also to be considered. Rule 20(g) allows for filings by a pro se litigant to be considered "timely," if they are "delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). While the record does not include the exact date the defendant delivered his notice of appeal to the correctional facility, the record establishes that the pro se notice was hand-dated June 26, 2025, and the envelope was post-marked June 27, 2025. Both dates are past the May 29, 2025, deadline.

excusable reason for the delay weighs against waiving the requirement of a timely notice of appeal), *perm. app. denied (*Tenn. Jun. 20, 2025*)*; *State v. Smith*, No. E2023-01416-CCA-R3-CD, 2024 WL 4554632, *7 (Tenn. Crim. App. Oct. 22, 2024) (holding failure to request a waiver of timeliness weighs against waiving the requirement of a timely notice of appeal), *no perm. app. filed*.

In addition, after the State argued that the appeal should be dismissed due to untimeliness, the defendant failed to file a reply brief in response to the State's claim. *See Sims v. State*, No. W2022-01597-CCA-R3-PC, 2023 WL 5748764, at *4 (Tenn. Crim. App. Sept. 6, 2023) (rejecting the request for a waiver of the timeliness requirement where an appellant failed to respond to the State's waiver argument), *perm. app. denied (*Tenn. Feb. 12, 2024*)*.

Lastly, the defendant has not explained what, if any, circumstances beyond his control existed that prevented him from filing a timely notice of appeal either through counsel or himself. *Strowder*, 2025 WL 659273, at *4.

As noted above, waiver should only occur when "the interest of justice" requires such. *Rockwell*, 280 S.W.3d at 214. Because the defendant neither requested waiver nor offered any reason for the untimely filing, and filed no reply to the State's argument, the "interest of justice" do not mandate the waiver of the Rule 4 requirement, and we decline to do so.

In addition, the record establishes that the defendant was granted probation and in the short span of a few months committed eight new offenses. Accordingly, the trial court's disposition of the defendant's probation violation does not appear to have been an abuse of discretion; therefore, the interest of justice would not compel a waiver of the timeliness requirement. Accordingly, the instant appeal is dismissed.

### *Conclusion*

Based on the foregoing authorities and reasoning, we conclude the interest of justice does not mandate waiver of the timeliness requirement and, therefore, dismiss the appeal.

s/ *J. ROSS DYER*
J. ROSS DYER, JUDGE